(1 App. Div. 610.)

JOHNSON v. TYNG.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

1. BREACH OF CONTRACT—RIGHT TO DAMAGES.
    The first breach of a contract having been committed by plaintiff in refusing to make payments in accordance with its terms, he cannot recover damages of defendant for refusing to perform.

2. Account Stated—Recovery of Single Items.
    Though one joins in a complaint, with a count on an account stated, a count for the original debt, yet. the issue at the trial having been confined to an account stated, he, having failed to prove it, cannot have judgment for an item thereof.

Action by George Johnson against Charles R. Tyng. Verdict was directed for plaintiff. Defendant's counterclaim was dismissed, and he moves for a new trial on exceptions ordered to be heard in the first instance at the general term.   Granted.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, and O'BRIEN, JJ.

T. M. Tyng, for the motion.
J. C. O'Conor, opposed.

O'BRIEN, J.   The complaint set up two causes of action:   (1) For work, labor, and services;   and (2) upon an account stated, a copy of which account, marked "Schedule A," is annexed to the complaint, and made a part thereof, the items of which are as follows:

| | | |
|---|---|---|
| July 31, 1884 | To balance due on old account | $ 331 56 |
| April 30, 1885 | "      "      "  " April Acct | 526 36 |
| May 31 | " Acct. rendered for May | 981 59 |
| June 30 | "   "   "   " June | 876 20 |
| July 31 | "   "   "   " July | 659 63 |
| | | $3,372 34 |

The answer contained a general denial, and set up a counterclaim. The court below dismissed the counterclaim, and directed a verdict for the plaintiff for the first item of the account, viz. balance due on old account, $331.56, with interest, to which the defendant excepted. The plaintiff also excepted to the refusal of the court to direct a verdict for the full amount claimed, which exception was subsequently withdrawn, and the case is to be determined upon the defendant's exceptions alone.

It appears that prior to July 21, 1884, the plaintiff did certain work for the defendant, under an agreement which was abrogated, and a new one entered into, bearing date July 31, 1884.   For work under the old agreement there was an account rendered in January, 1885, upon which there is a balance unpaid of $331.56.   The new agreement provided, among other things, that the plaintiff should manufacture steel for and upon the order of the defendant and for his account, and deliver the same to him, and that plaintiff would execute defendant's orders within the shortest time possible, and give to defendant the exclusive sale of all goods made by him;   that the defendant should pay the plaintiff for all work done by him the amount due to him for each month's work within 60 days from the date of each monthly account;   that any time lost by plaintiff in making repairs or alterations, or through any failure on his part, should not be considered as part of said time;   and that, if defendant should fail to make the payments as above provided, the agreement should, on 10 days' personal notice, be null and void.   The defendant's counterclaim is that, without cause, and without default on the part of the

defendant, the plaintiff failed and refused to keep and perform said agreement, to the defendant's damage $10,000.

There are two questions presented for decision: (1) Did the court below err in directing a verdict for the balance remaining unpaid on the old account? The defendant's claim is that the action being upon an account stated, and this balance being included as one of the items therein, no recovery can be had for such separate item. (2) Did the court err in dismissing the defendant's counterclaim? The plaintiff's account rendered for the month of April, 1885, remaining unpaid on July 28, 1885, and more than 60 days having elapsed, plaintiff notified the defendant in writing that, unless the April account was paid in 10 days, the agreement would be null and void. The defendant testified that he had not done anything towards fulfilling his part of the agreement after the 25th of July, 1885. It appears that, on a former trial of this case, the plaintiff testified that on July 25, 1885, he stopped all work under the agreement, and never thereafter resumed work thereunder. Upon this trial he explains this by saying that, when he testified he "stopped all work," he then had reference to rolling alone, but that his men were at different kinds of work in the mill, repairing, pickling, etc., the entire 10 days during which the notice declaring the contract null and void was running. It will thus be seen that with this explanation in the case, if it were material to determine whether, upon defendant's breach by failure to pay, plaintiff was precluded, as was held upon the former appeal (58 Hun, 501, 12 N. Y. Supp. 630), from recovering, because, as then appeared by the testimony, he had abandoned work, and had thus himself been guilty of breach, this, under the altered testimony, would have been a question of fact. No suggestion, however, was made by the plaintiff to go to the jury, but a request was made for a direction for the whole amount. This, we think, was properly denied, because —First, as stated, it was, at best, but a question of fact; and, secondly, because the plaintiff, relying on an account stated which he had failed to prove, was not entitled to such direction. Any error in this respect, however, is not directly presented, but we deem it necessary to call attention to the difference in the facts appearing upon this trial and those which appeared upon the former, as, upon a new trial and upon proper issues, they would have a bearing upon plaintiff's right to recover the entire amount.

With respect to a counterclaim based upon a breach of the agreement by plaintiff, we think it was properly dismissed, because, even if plaintiff was guilty of a breach, the defendant proved no damage resulting therefrom, and for the weightier reason that we think the evidence shows that the first breach was committed by the defendant in refusing to make payments in accordance with the terms of the contract.

This brings us to a consideration of the exception taken to the direction of a verdict for the first item of the account. We can find no authority, nor do we think it consistent with good pleading, where one seeks to recover upon an account stated and fails, to permit him to select one of the items going to make up such account, and recover

upon it.    Upon the issue of an account stated, the items going to make it up are not involved, nor is the one against whom it is charged bound to come prepared upon the trial to dispute each and every item going to make up an alleged account stated.    If a pleader relies solely upon such a cause of action or defense, he must prove it as alleged, or fail in the action.    He is not, however, obliged to rely solely upon such a plea, but he may join in the same complaint a count for the original debt; and in such a condition of the pleadings, should he fail upon the account stated, he could prove, if able, some or all of the original debt.    This follows because then the opposite party has notice that, upon failure to support the plea of an account stated, resort would be had to the original items.

The rule, we think, is well stated in the case of Goings v. Patten, 17 Abb. Prac. 340:

"A party may fail to establish the stating of an account, but that does not cut him off from any defense he may have upon the unsettled account. * * * It admits the existence of a prior running account; and because a party relies upon the defense that it was mutually adjusted, and the balance ascertained and fixed, and fails to prove it, he is not thereby precluded from falling back upon the accounts, and showng that there is in fact a claim or balance due to him.    He would, undoubtedly, be precluded from doing so if his pleading were so framed as to show that he relied solely upon the defense of an account stated, for, that being made the sole issue, the other party might come unprepared to try any other.    But a party might also join with an account stated a count for the original debt; and, if he failed upon the one, he might recover upon the other [unless compelled to elect]."

It will be noticed that the complaint here adopts both forms of pleading to recover for the same indebtedness, alleging, as a first cause of action, work, labor, and services, and, second, an account stated.    Having failed on the latter, if the plaintiff had then, by proper evidence, supported the original indebtedness, he could have recovered, upon his count for work, labor, and services, so much of the amount as he could by competent proof establish.    The difficulty in this case, however, is that, while he pleaded in both forms, upon the trial he virtually abandoned the original indebtedness, or the count for work, labor, and services, and insisted upon confining the issue to an account stated; and he succeeded in having the court do likewise, for, upon defendant's attempting to introduce a defense to this item as an original indebtedness, he was met by the objection that it was incompetent, and the court, in sustaining the objection, said:

"I hold that, in order to justify the defendant going back to the original consideration of that amount of $331.56, it is necessary that the answer should specifically allege that that account was a mistake, and there was nothing due under it, and that there was a breach of the agreement; and, not having done so, the defendant cannot prove it."

It will thus be seen that that item was regarded as though, of itself, it constituted an account stated; and the proof of it was not offered as an original indebtedness, nor was the defendant permitted to meet it as such.

We are therefore brought back to a consideration of the question whether, the action as tried being on an account stated, there can be any recovery for any separate item therein.    We think the answer to

this must be in the negative. What was claimed to be an account stated was Schedule A in its entirety; and, if that had been sustained by competent proof, the verdict, under the pleadings, should have been for the entire amount thereof. As it must be conceded that it was not sustained, there can be no recovery for any of its separate items.

Our conclusion, therefore, is that this exception is good, and that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.