VOIGHT, RESPONDENT, v. BROOKS ET AL., APPELLANTS.

[Submitted April 6, 1897. Decided April 12, 1897.]

*Action on an Account Stated—Pleading.*

ACCOUNT STATED.—An account stated is a balance ascertained between the parties to a settlement; upon the settlement, the law implies a promise to pay the balance found due.

SAME—*Pleading.*—In an action upon an account stated, it is not necessary to allege a promise to pay.

*Appeal from District Court, Fergus County. Dudley Du Bose, Judge.*

ACTION by Gustave Voight against H. P. Brooks, John Brooks and Anthony Brooks, partners as H. P. Brooks & Bros., on an account stated. Judgment for plaintiff, and defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

Action on an account stated. The complaint alleged that the defendants were co-partners; that about January 1, 1894, defendants and plaintiff had an account stated, and upon such statement a balance of $861.48 was found due to plaintiff from defendants for all transactions between them up to and including December 31, 1893; and that about October 20, 1894, there was another account stated between plaintiff and defendants, which said second account included the above-described account and all transactions had between the parties up to and including September 2, 1894, and which last mentioned statement showed a balance of $1,202.40 due to plaintiff by defendants; that no part of said sum so ascertained to be due had been paid, except $360, paid in November, 1894, and $30, paid in April, 1895. Judgment was demanded for $812.40 and interest. The defendants demurred generally, and upon the further ground that the complaint was uncertain, in that

it did not allege the nature or character of respondent's claim against the appellants for the period of time within which it arose. The district court overruled the demurrer. Defendants having elected to stand upon the demurrer, the court rendered judgment in favor of plaintiff and against defendants. The appeal is from the judgment.

*W. M. Blackford*, for Appellants.

*Frank E. Smith*, for Respondent.

HUNT, J.—In support of their general demurrer, the appellants contend that, in an action ·upon an account stated, the complaint is fatally defective unless it aver that the defendant expressly promised to pay the balance agreed upon by the parties. An account stated means a balance ascertained between the parties to a settlement, and, where plaintiff is able to show that the mutual dealings which have occurred between two parties have been adjusted, settled, and a balance struck, the law implies a promise to pay that balance. ( *Watkins* v. *Ford*, 69 Mich. 357, 37 N. W. 300.) It is strictly evidence of the admission of a debt; it is the acknowledgment of the existing condition of liability between the parties. "From an account stated the law implies a promise to pay whatever balance is thus acknowledged to be due." ( *Chace* v. *Trafford*, 116 Mass. 529.) It is not necessary that there should be an express promise to pay, as appellants contend. On the contrary, there is an implied promise in law on the part of him ·against whom the balance is found to pay, and action is maintainable thereon. (*Jaques* v. *Hulit*, 16 N. J. Law, 38; *Vanbebber* v. *Plunkett* (Or.) 38 Pac. 707.) In *Heinrich* v. *Englund*, 34 Minn. 395, 26 N. W. 122, it was said of a complaint similar to that under consideration: "The allegations of the complaint that an account was stated between plaintiffs and defendant, and that upon such statement a certain balance was found due from the latter to the former, fairly mean that the parties had an accounting, and that the balance named was

agreed on and admitted as the true balance between them. To allege a promise to pay this balance was unnecessary, and would really have added nothing to the complaint. It was sufficient to state the facts showing the duty to pay, without alleging the promise by law from these facts." The following authorities are directly in point to the effect that under code procedure it is not necessary to allege a promise to pay, it being sufficient to allege the facts from which the duty to pay arises: Pom. Code Rem. § 538 *et seq.*; Baylies' Code Pl. § 27; Phil. Code Pl. § 474; *Mackey* v. *Auer*, 8 Hun. 180; *James* v. *Fellowes*, 20 La. Ann. 116; *Claire* v. *Claire*, 10 Neb. 54, 4 N. W. 411; *Bouslog* v. *Garrett*, 39 Ind. 338. The general demurrer was properly overruled.

*McFarland* v. *Cutter*, 1 Mont. 383, cited by appellants, did not decide that a complaint in an action on an account stated must necessarily allege that the defendants agreed to pay the sum ascertained to be due. The court simply sustained the complaint which contained an averment to that effect, without discussing, however, whether such averment was or was not indispensable to the validity of the complaint. We do not think the demurrer on the ground of uncertainty was well taken, as, under the authorities heretofore cited, the complaint contained the usual and sufficient allegations upon an account stated. The judgment is affirmed.

PEMBERTON, C. J., and BUCK, J., concur.