STAGG & CONRAD, RESPONDENTS, *v.* ST. JEAN, APPELLANT.

(No. 1,735.)

(Submitted December 9, 1903.   Decided December 23, 1903.)

*Account — Contracts — Merger — Estoppel — Actions—Evidence—Verdict—Harmless Error.*

1.  Where, in an action on account for merchandise, the account showed that defendant had been credited with the price of certain halter chains sued for, the refusal of the court to strike such item from the account and the introduction of the account in evidence containing such item was harmless.
2.  In an action on an account, refusal of the court to strike out certain items which were disputed was not error.
3.  In an action on an account for a hot air plant installed in defendant's building, the exclusion of the catalogue issued by the manufacturers of the plant, introduced for the purpose of showing the heating capacity thereof, was proper, the evidence being at most hearsay.
4.  Where in an action on an account an error of a few dollars appeared to have been made by plaintiff in the account pleaded, and the verdict was the same in amount as the principal sum demanded in the complaint, but by reason of plaintiff's demand for interest it could not be determined whether the jury found for plaintiff for a principal sum less than that demanded, and then added interest or not, and interest on the amount demanded computed at the legal rate from the date the action was commenced until the rendition of the verdict, if allowed, would amount to more than the admitted error in the account, the error, if any, was harmless.

5. Where there is evidence to support a general verdict on all the facts submitted to the jury, the verdict will not, on appeal, be disturbed.
6. An "account stated" is, in effect, an admission of indebtedness.
7. Where defendant contended that a third contract had never become operative by reason of plaintiff's failure to comply with conditions precedent, defendant could not object that an implied contract on which plaintiff's first cause of action was based and a written contract alleged to support his second cause of action were merged in such third contract.
8. Where defendant contended that a third contract executed between the parties had never matured by plaintiff's failure to perform conditions precedent, defendant could not urge such third contract as an estoppel to prevent plaintiff from maintaining an action on previous contracts.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Stagg & Conrad against F. L. St. Jean. From a judgment in favor of plaintiffs, and from an order overruling a motion for a new trial, defendant appeals. Affirmed.

*Mr. H. R. Whitehill,* for Appellant.

The language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. The promissor is presumed to be such party. (Civil Code, Sec. 2219; *Keith* v. *Elec. Engineering Co.,* 136 Cal. 178.)

There was an implied condition in this—as there is in every building contract, that the work when completed will be reasonably useful for the usual purpose for which such work is constructed. (Lloyd on Building Contracts, Sec. 29; 29 Ency. of Law, p. 890, Div. VII; 2 Benjamin on Sales, Sec. 988, p. 865, and note 35; 1 Parsons on Contracts, 7th Ed., Sec. 586; 6 Am. Dec. note on page 115; *Rodgers & Co.* v. *Niles & Co.,* 11 Ohio. St. 48; *Smith* v. *Brady,* 17 N. Y. 173; *Hoult* v. *Baldwin,* 67 Cal. 610; *Taft* v. *Inhabitants of Montague,* 14 Mass. 281; *Kimball Mfg. Co.* v. *Vrooman,* 35 Mich. 310; *Franklin* v. *Schultz,* 23 Mont. 165; *Riddell* v. *Peck, etc. Heating Co.,* 69 Pac. 241; Civil Code, Sec. 2377.)

Where a negotiable instrument is delivered as an escrow, no title passes until the condition has been performed. (1 Edwards on Bills and Notes, Sec. 243; 29 Ency. of Law, p. 867, Div.

VIII; *Chadwick* v. *Tatem,* 9 Mont. 364; *Talbot* v. *Heinze,* 25 Mont. 4.)

The eveidence required of the witness Littler was not hearsay. (Code of Civil Procedure, Secs. 3144, 3146, Div. 15; *Railway Co.* v. *Warren,* 6 Mont. 275; *Holland* v. *Huston,* 20 Mont. 84; *Emerson* v. *Bigler,* 21 Mont. 205.)

*Messrs. Rodgers & Rodgers,* for Respondents.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from a judgment in favor of plaintiffs and from an order overruling defendant's motion for a new trial. The action was brought in the district court to recover a certain sum alleged to be due the plaintiffs for articles of merchandise sold by them to the defendant, and for a certain other sum claimed to be due plaintiffs on a contract for the erection and construction of a hot air system installed in a building known as the "St. Jean Block," situated in the city of Anaconda. A trial by jury was had, which resulted in a verdict for plaintiffs, and judgment was entered thereon.

The brief of appellant specifies as errors, first, that the court erred in refusing to strike out from plaintiffs' account the item for two halter chains. It appears from the evidence that the amount charged for these halter chains, to-wit, the sum of 70 cents, had been paid by the defendant, and that he had been given credit therefor, and a receipt issued to him. Both the charge and the credit appeared upon the itemized account of the plaintiffs introduced in evidence. The appellant was not injured by this evidence.

The second error assigned by appellant is that the court erred in refusing to strike out from plaintiffs' account certain other items appearing therein. These items were a part of the bill of plaintiffs, which was disputed by the defendant, and the motion to strike out was properly overruled.

The third error assigned is that the court erred in not permitting the defendant to introduce in evidence the catalogue issued

by the manufacturers of the hot air plant which was installed in said building; the defendant seeking to show therefrom the heating capacity of the furnace so installed. If this is any evidence at all, it is only hearsay, and could not be admitted over objection. We cannot discover that the court committed any error in any of these matters.

The brief of appellant makes some statements about the evidence not being sufficient to sustain the verdict, and contains further allegations that there was an account stated between the parties. It is doubtful if either of the last two specifications are properly assigned as errors under the decisions in *Rehberg* v. *Greiser,* 24 Mont. 487, 62 Pac. 820, 63 Pac. 41, and *Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081. We have, however, examined the evidence, and find a substantial conflict on all matters disputed. An error of a few dollars appears to have been made by plaintiffs in the account pleaded in their first cause of action. The verdict of the jury is the same in amount as the principal sum demanded in the complaint. But the plaintiffs, in addition to the principal sum, demanded interest, and, the verdict being a general one, we cannot determine whether the jury found for the plaintiffs for a principal sum less than that demanded and then added interest or not. Interest on the amount demanded computed at legal rate from the date the action was commenced until the rendition of the verdict would, if allowed, amount to more than the admitted error in the account. The verdict is a finding by the jury on all the facts submitted to it, and there is evidence to support the finding.

It is claimed by appellant that the implied contract on which plaintiffs' first cause of action is based and the special written contract alleged in the second cause of action were, by the consent of the parties, merged in a third contract, expressed in writing, which was to become effective on certain conditions, and which instrument was left in escrow to be delivered to plaintiffs when the conditions were complied with. This writing was not delivered to plaintiffs on their demand therefor

for the reason that the defendant insisted that the conditions had not been complied with, and had notified the escrow holder thereof not to deliver it on that account. It was, in effect, an executory contract to take effect on the happening of certain contingencies which were necessary to give it life, and which the appellant insists never happened.

The appellant cannot complain that plaintiffs did not base their action on a contract which appellant insists cannot become operative. An "account stated" is, in effect, an admission of indebtedness. (*Voight* v. *Brooks,* 19 Mont. 374, 48 Pac. 549; *Hendy* v. *March,* 75 Cal. 566, 17 Pac. 702; *Johnson* v. *Tyng,* 1 App. Div. 610, 37 N. Y. Supp. 516; *Davis* v. *Seattle National Bank,* 19 Wash. 65, 52 Pac. 526.) In the case at bar the defendant denies all indebtedness.

Neither can the appellant urge this third contract as an estoppel, and at the same time deny that it ever became effective as a contract between the parties.

We have found no reversible error in this case, and therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order appealed from are affirmed.