MARTIN APPELLANT, *v.* HEINZE, RESPONDENT.

(No. 1,916.)

(Submitted June 13, 1904. Decided July 2, 1904.)

*Account Stated—Pleadings—Copy of Account—Right of Adverse Party.*

1.  Code of Civil Procedure, Section 743, providing that it is not necessary for a party to set forth in his pleading the items of the account therein alleged, but he must deliver to the adverse party, after demand, a copy of the account, applies to actions on open, unsettled accounts, and not to actions on accounts stated.
2.  An "account stated" is an agreement between the parties, either express or implied, that all the items are correct; this agreement is the cause of action, hence, in an action on an account stated, the items of the original account may not be inquired into or surcharged, except upon the ground of fraud, error or mistake in the ascertainment of the balance, and then only when the fraud, error or mistake upon which the agreement is sought to be impeached is specifically alleged in the answer.
3.  Under Code of Civil Procedure, Section 743, if the "further account" is not furnished in obedience to the order, the penalty is not a refusal to hear evidence in support of the claim, but punishment as for a contempt.
4.  *Semble:* If, in an action upon an account stated, it should become necessary that the defendant have a bill of particulars, or otherwise ascertain the facts, in order that he may prepare his defense, the approprite remedy would seem to be an application to the court for such a bill, or for an inspection of plaintiff's accounts, under Section 1810 of the Code of Civil Procedure.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Samuel D. Martin against F. Aug. Heinze. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Messrs. Forbis & Mattison,* for Appellant.

An account stated dispenses with items, and the defendant in an action upon such an account is not entitled to a bill of particulars. (Code of Civil Procedure, Sec. 743; *Conner* v. *Hutchinson,* 17 Cal. 278; *Providence Tool Co.* v. *Prader,* 32 Cal. 634, 638; Estee's Pl. and Forms, 4th Ed., Vol. 1, p. 425; *Holmes* v. *Page,* (Oregon) 23 Pac. 961; *Anzerais* v. *Naglee,* (Cal.) 15 Pac. 371; *Hendy* v. *March,* (Cal.) 17 Pac. 702; *McCarthy* v. *Mt. T. L. & W. Co.,* (Cal.) 43 Pac. 956; *McClelland's Executor* v. *West's Administrator,* 70 Penn. St. last paragraph of decision on p. 187; *Truman* v. *Owen,* (Ore.) 21 Pac. p. 665; A. and E. Ency. of Law, 2d Ed., p. 456; *Christofferson* v. *Howe,* (Minn.) 58 N. W. p. 830; *Benites* v. *Bicknell et al.,* (Utah) 3 Pac. p. 206; 1st A a.nd E. Ency. of Law, p. 437, and cases cited; 1st A. and R. Ency. of Law, p. 456, and cases cited;

*Samson* v. *Freeman,* 102 N. Y. 700; *Carpenter* v. *Kemp,* 101 N. Y. p. 592; *Manchester Paper Co.* v. *Moore,* 104 N. Y. 681; 54 N. Y. 480-2; 2 Greenleaf on Evidence, 9th Ed., Sec. 127, p. 128; 1 Ency. of Forms, pp. 191-4; *Lockwood* v. *Thorne,* 62 Am. Dec. p. 81-84; *Kellar* v. *Kellar,* 18 Neb. 366; *Throop* v. *Sherwood,* 9 Ill. 92; *Schultz* v. *Morette,* 146 N. Y. 137; *Porter* v. *Price,* 80 Fed. 658; *Marye* v. *Strouse,* 5 Fed. 483, 496; *McIntyre* v. *Warren,* 3 Keyes, 262; *Chapelaine* v. *Decheneaux,* 4 Cranch. 306.)

*Mr. James M. Denny,* for Respondent.

As to what constitutes an account stated, see: *Holmes* v. *Page,* 23 Pac. 961; *Anzerais* v. *Naglee,* 15 Pac. 271; *Burk* v. *Wolfe,* 6 Jones & S. (N. Y.) 263; *Marye* v. *Strouse,* 5 Fed. 489; *Leather, etc. Bank* v. *Morgan,* 117 U. S. 96; *Coffee* v. *Williams,* 37 Pac. 506; 1 Am. and Eng. Ency. of Law, p. 108.)

In providing for the statement or copy, pursuant to Section 743, Code of Civil Procedure, the legislators had in contemplation a bill of particulars such as was known to the courts at the time of the enactment of the Code and to have the same effect. and serve the same purpose. Such bill of particulars was uniformly held to be requisite for the protection of the defendant to enable him to know just what he was required to defend against in case he believed that such a statement or such information as could be gained from the itemized statement necessary for a proper preparation and presentation of his defense. (*Johnson* v. *Mallory,* 2 Robertson, 681; *Barkley* v. *R. R. Co.,* 27 Hun. 516; *Broom* v. *Calvert,* 4 Dana, 220; *Smith* v. *Hicks,* 5 Wend. 51; *People* v. *Common Pleas,* 4 Wend. 200; *Drake* v. *Thayer,* 5 Robertson, 694; *Bowman* v. *Earle,* 3 Duer, 691; *Chyster* v. *James,* 1 Hill, 214; *Brown* v. *Williams,* 4 Wend. 360; *Rickman* v. *Haight,* 15 Johnson, 222; Encyclopedia Law, (Vol. 2) 244; *Sanchez* v. *Dickenson,* 19 N. Y. Sup. 733; *Duffy* v. *Ryer,* 17 N. Y. Sup. 843; *Wells* v. *Vanakin,* 37 Hun. 315; Sutherland on Contracts, Sec. 307.)

The form used by defendant is practically that approved of and set forth in Estee's pleadings, 4th Ed., Section 4431.

The language of Section 743 of the Code of Civil Procedure shows it to be peremptory, and that it is peremptory is clearly shown by the decision of the Supreme Court of the State of Colorado in the case of *Scott et al.* v. *Frost,* 36 Pac. 910, under a statute similar to Section 743, Code of Civil Procedure, Montana.

An account stated is but *prima facie* evidence of the fact of indebtedness. (*Sedwick* v. *Macy,* 49 N. Y. Supp. 154; *Pick* v. *Slimmer,* 70 Ill. App. 358; *Porter* v. *Price,* 80 Fed. 655; *Wiggins* v. *Burkham,* 10 Wall. 129; *Poppers* v. *Schonfield,* 97 Ill. App. 477; *Colo. Fuel, etc. Co.* v. *Chapelle,* 12 Colo. App. 385; Abbott's Trial Evidence, 458.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiff seeks to recover from the defendant the sum of $12,665, balance alleged to be due upon an account stated. It is alleged that on September 8, 1900, in Butte City, Montana, an accounting and settlement was had between the plaintiff and the defendant; that then and thereupon an account was stated between them; that upon such statement a balance of $20,665 was found due to the plaintiff from the defendant; and that the defendant then and there agreed to pay the same to plaintiff. It is further alleged that on the same day the defendant paid to plaintiff the sum of $8,000, leaving a balance due of $12,665, no part of which has been paid. Defendant answered by general denial of all the allegations of the complaint.

The action was commenced on February 5, 1901. The answer was filed on June 13th. In the meantime, on March 15th, the defendant served upon plaintiff a written demand, of which the following is a copy: "The defendant in the above-entitled cause hereby demands an itemized account of the items of indebted-

ness which the plaintiff claims against the defendant—said items of account to be distinctly set out separately—and, upon failure to receive the same, defendant will object to the introduction of proof." The plaintiff having failed to comply with this demand, the defendant on October 3, 1901, after notice to plaintiff, filed with the cleerk a motion asking the court for an order requiring the plaintiff to do so. On January 28, 1902, after a hearing upon this motion, the court caused to be entered in the minutes the following: "This day defendant's motion for itemized account herein is by the court sustained." On October 23, 1902, the cause came on regularly for trial. A jury was called and sworn. The plaintiff was sworn as a witness, and an objection by the defendant to the introduction of evidence, on the ground that the plaintiff had failed to comply with his demand, and the order of the court to furnish the itemized account, was sustained. The court thereupon directed a verdict for the defendant. Judgment was entered accordingly. The plaintiff has appealed from the judgment, and also from an order made denying him a new trial.

The only question presented arises out of the action of the court in sustaining defendant's objection. Section 743 of the Code of Civil Procedure reads as follows: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days, or such further time as the court may allow, or may be agreed to by the parties, after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account when the one delivered is too general, or is defective in any particular."

A considerable portion of appellant's brief is devoted to a discussion of the demand and the minute entry. It is said that both mention an itemized account, instead of a copy thereof, for which only the statute authorizes a demand. It is also said that the minute entry contains no direction to the plaintiff to furnish anything, and therefore is not in substance an order.

We shall not consider these technical objections, but assume, for the purpose of this case, that the demand was sufficiently accurate to be held as a compliance with the statute.

The theory upon which the district court proceeded was that the statute applies to actions on accounts stated as well as to those upon open, unsettled accounts. In suits upon the latter class of accounts the defendant is entitled to know the specific demand or demands made against him, and, when the complaint does not set forth the items of the charges making up the sum total, he is entitled to a bill of particulars to inform him of them, so that he may make proper defense. A copy of the account as kept by the plaintiff is the bill intended by the statute.

In an action upon an account stated, the situation is different. An account stated is an agreement between the parties, either express or implied, that all the items are correct. (*Voight* v. *Brooks,* 19 Mont. 374, 48 Pac. 549; *Auzerais* v. *Naglee,* 74 Cal. 60, 15 Pac. 371; 1 Waite's Actions and Defenses, 191.) The action is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract. This contract is the cause of action, and the plaintiff must recover upon it, or fail in the action. (*Volkening* v. *De Graaf,* 81 N. Y. 268; *Holmes* v. *Page,* 19 Ore. 232, 23 Pac. 961; *Coffee* v. *Williams,* 103 Cal. 550, 37 Pac. 504; Estee's Pleadings, (4th Ed.) Vol. 1, 616.) It is therefore not necessary, nor is it permissible, to prove the items of the original account. They may not be inquired into or surcharged, except upon the ground of fraud, error or mistake in the ascertainment of the balance (*Auzerais* v. *Naglee, supra; Hawkins & Co.* v. *Long,* 74 N. C. 781), and then only when the fraud, error or mistake upon which the agreement is sought to be impeached is specifically alleged in the answer (*Auzerais* v. *Naglee, supra; Coffee* v. *Williams, supra; Kronenberger* v. *Binz,* 56 Mo. 121.)

Section 743, *supra,* can have no application to such a case. It, in terms, applies only to actions upon open, unsettled accounts, in which it is necessary to examine and establish the items going to make up the sum total, or an alleged balance

which is disputed in whole or in part. The requirement is that the plaintiff shall furnish the copy upon notice within a time specified or fixed by the parties or by order of the court, or be precluded from giving evidence in support of his claim. When the copy furnished is not specific or is indefinite, the court or judge may order an additional statement. If the copy is not furnished at all, the penalty may be exacted. If the further account is not furnished in obedience to the order, the penalty is not a refusal to hear evidence in support of the claim, but punishment as for a contempt. If, in an action upon an account stated, it should become necessary that the defendant have a bill of particulars, or otherwise ascertain the facts, in order that he may prepare his defense, the appropriate remedy would seem to be an application to the court for such a bill, or for an inspection of plaintiff's accounts, under Section 1810 of the Code of Civil Procedure. But however this may be, we have seen that Section 743 has no application to actions on accounts stated. It follows that the action of the court in sustaining the objection to evidence was error.

The judgment and order are therefore reversed, and the cause remanded, with directions to the court below to grant a new trial.

*Reversed and remanded.*

MR. JUSTICE MILBURN, not having heard the argument, takes no part in this decision.