NOYES, ADMINISTRATRIX, RESPONDENT, v. YOUNG ET AL., APPELLANTS.

(No. 2,056.)

(Submitted December 21, 1904.   Decided March 18, 1905.)

*Contracts—Account Stated—Action—Consideration—Pleading and Proof — Statutes—Contingency—Uncertainty— Parties—Administratrix—Complaint—Allegation of Official Capacity—When Unnecessary—Admissions—Judgment — Forbearance to Sue—Evidence—Admissibility— Instructions—Limitations.*

Contracts—What may Constitute.
   1.  An instrument arising from, and based upon, transactions had between the parties at its date, acknowledging an indebtedness, and promising to pay it, is a contract.

Accounts Stated—Agreements—Past Transactions—Conclusive Between Parties.
   2.  An instrument which is the result of an agreement relating to past transactions, acknowledging an indebtedness and promising to pay it, is, in effect, an account stated, on which an action may be based, and, in the absence of fraud, error or mistake in its execution, specifically alleged in the answer is conclusive between the parties.

Action on Contract—Consideration—Presumptions—Burden of Proof.
   3.  Under Civil Code, sections 2169 and 2170, providing that a written instrument is presumptive evidence of a consideration, and that the burden of showing its want lies with the attacking party, in an action on an instrument acknowledging an indebtedness and promising to pay it, a consideration need not be averred or proven independently of the proof of the contract itself.

Action on Contract—Contingency—Uncertainty.
   4.  In an action on an instrument acknowledging an indebtedness, and promising to pay it on the happening of a certain contingency,

the actual occurrence of the contingency renders untenable a contention that the contract is void for uncertainty.

Contracts—Merger of Oral into Written Contract—Consideration—Liability.

5. A promisor may bind himself by merging an oral agreement into a written contract, and he cannot escape liability merely because the consideration had passed to him prior to the execution of the written contract.

Administrators—Allegation of Official Capacity—When Unnecessary.

6. Where an administratrix is, by order of court, made a party to a suit commenced by her decedent, no allegation of her official capacity is required.

Nonsuit—When Properly Overruled—Contracts—Pleadings.

7. A motion for nonsuit was properly overruled where, in an action on an instrument acknowledging an indebtedness and promising to pay it on the happening of a certain contingency, the answer admitted the execution of the instrument, its assignment to the plaintiff, the happening of the contingency, and nonpayment.

Contracts—Forbearance to Sue—Consideration—Sufficiency.

8. Forbearance to sue is a sufficient consideration to sustain a written contract.

Parol Evidence—Contracts—Consideration—Forbearance to Sue.

9. Parol evidence is admissible to show that the consideration for a written contract was forbearance to sue.

Contracts—Consideration—Forbearance to Sue—Instructions.

10. Where a sister of a decedent makes a claim in behalf of the decedent's estate, and her right to recover was disputed by the alleged debtor, the settlement of the claim, or the agreement to forbear suing thereon, was a sufficient consideration for the execution of a contract between the sister and the alleged debtor, and in an action thereon it was not necessary to determine whether the sister, decedent's father and mother surviving, could have successfully maintained the claim against the alleged debtor, and an instruction to that effect was properly refused.

Contracts—Contingency—Limitations.

11. Where a contract was made to become due on the happening of a certain contingency, a suit brought within eight years after the happening of the contingency, but more than eight years from the date of the execution of the contract, was not barred.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

Action by John Noyes against W. H. Young and others. The death of the plaintiff being suggested, the court ordered Elmira Noyes, administratrix of his estate, substituted as plaintiff. From a judgment for plaintiff and an order denying their motion for a new trial, defendants appeal. Affirmed.

*Mr. W. A. Clark, Mr. John L. Templeman* and *Mr. M. P. Gilchrist,* for Appellants.

Plaintiff must allege the capacity in which she sues when suit is brought to collect the debts due the estate of a deceased person. The defendants certainly should have the right to know that the plaintiff has a right to receive the moneys sought to be recovered in the suit so that they will be protected from another demand or suit based upon the same claim. (*Hayes* v. *Hathorn,* 74 N. Y. 486, and cases cited; Phillips' Code Pleading, 314.) "Where the consideration is the maker's debt to the decedent, it will not support a note made to his widow, or even to his personal representative, if the debt did not pass to such representative." (7 Cyc. 700, citing a number of cases.)

Although there be an express promise or covenant, as in the case at bar, yet an executed or past consideration without more will not support an express promise to pay beyond the limits of the promise, which, in its absence, would have been implied by law; and consequently an action cannot be maintained which, on the ground of an express undertaking to that effect, upheld by a past consideration, seeks to impose a liability which would not have arisen out of the consideration itself. The leading English authority upon this proposition is *Hopkins* v. *Logan* (1839), 5 Mees. & W. 241. (See, also, *Roscorla* v. *Thomas* (1841), 3 Q. B. 234; *Lattemore* v. *Gerrard* (1848), 1 Ex. Rep. 809; *Granger* v. *Collins* (1840), 6 Mees. & W. 458; *Brown* v. *Crump* (1815), 1 Marsh. 567; *Jackson* v. *Cobban* (1841), 8 Mees. & W. 790; *Kaye* v. *Dutton* (1844), 49 Eng. Com. Law Rep. 807; *McManus* v. *Bark* (1870), 5 Ex. 65. See note to *Lampleigh* v. *Brathwaite,* 1 Smith's Lead. Cas. 8th ed., *163.) The case of *Hopkins* v. *Logan, supra,* has been followed in this country. (*Russell* v. *Buck* (1839), 11 Vert. 139; *Farrington* v. *Bullard* (1863), 40 Barb. (N. Y.) 512; *Hunt* v. *Knox* (1857), 34 Miss. 476, 69 Am. Dec. 397; *Esterly Harvesting Machine Co.* v. *Pringle* (1894), 41 Neb. 265, 59 N. W. 804; *Austin etc. Co.* v. *Bahn* (1895), 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; *Gilmore* v. *Green* (1879), 14 Bush (Ky.), 772; *Ogden* v. *Redd* (1877), 13

Bush (Ky.), 581; *Fair* v. *Mevey* (1898), 28 Civ. Proc. 245, 56 N. Y. Supp. 414; *Pfeiffer* v. *Campbell* (1889), 111 N. Y. 631, 19 N. E. 498; *Robins* v. *Downey* (1892), 45 N. Y. St. Rep. 279, 18 N. Y. Supp. 100; *Walker* v. *Russell* (1835), 34 Mass. 280.)

The written instrument as it stands is also void for uncertainty because the happening of the contingency upon which the payment depends lies wholly with the promisor, the defendant Young. (*Steward* v. *Trustees* (1845), 2 Denio, 403.)

A promise to forbear and an actual forbearance, in consideration of what one is already legally bound to do, is no consideration for that forbearance. (*Hoffman* v. *Coombs,* 9 Gill (Md.), 284; *Turnbull* v. *Brock,* 31 Ohio St. 649; *Pfeiffer* v. *Campbell,* 111 N. Y. 631, 19 N. E. 498; *Holmes* v. *Boyd,* 90 Ind. 332; *Stuber* v. *Schnack,* 83 Ill. 191; *Planter etc. Co.* v. *Sellman,* 2 Gill & J. (Md.) 230; *Ives* v. *Bosley,* 35 Md. 262, 6 Am. Rep. 411; *Henry* v. *Gilliland,* 2 N. E. 360.) If the promise of one party is the consideration for the promise of the other, the promise must be concurrent and obligatory on both at the same time, and the declaration should so allege. (Ency. of Pl. & Pr. vol. 4, p. 931, citing many cases.) In declaring on a promise made on a consideration of forbearance, the plaintiff must prove the forbearance. (*Edward* v. *Bough,* 11 Mees. & W. 641, and citing a number of cases.) "If plaintiff alleges a particular consideration for a promissory note, the burden is on him to prove it as alleged, if it is denied." (*James* v. *Hayden,* 10 Ky. Law Rep. 534, citing a number of cases.)

Contemporaneous promises of forbearance are not admissible to contradict the terms of a written agreement. (*Fisher* v. *Briscoe,* 10 Mont. 124, 25 Pac. 30; *Anderson* v. *Perkins,* 10 Mont. 154, 25 Pac. 92; *Nelson* v. *Spears,* 16 Mont. 351, 40 Pac. 786.)

In an action on an account stated, it is not necessary to prove the account, or its items, but the proof in such case must

be directed to the fact, if it is in issue, that the parties have accounted together and agreed upon the balance due, and in order to support the count upon an account stated the plaintiff must show that there was a demand upon his side which was acceded to by the defendant. There must be a fixed and certain sum admitted to be due. The admission must have reference to past transactions, that is, to a substituted. debt, or to a moral obligation founded upon an extinguished obligation to pay a certain sum. (*Auzerais* v. *Nagle,* 74 Cal. 60, 15 Pac. 371.) When the action is on an account stated, to maintain such an action the plaintiff must prove the account stated, as that and nothing else will support his allegations. (*Truman* v. *Owen,* 17 Or. 523, 21 Pac. 665.)

To prove an account stated, it must appear from the evidence that there were dealings between the parties before the alleged statement of account, but the specific items constituting an account need not be shown. (*Powers* v. *New England Fire Ins. Co.,* 68 Vt. 390, 35 Atl. 331; *Quincy* v. *White,* 63 N. Y. 370; *Field* v. *Knapp,* 108 N. Y. 87, 14 N. E. 829; *Stevens* v. *Tuller,* 4 Mich. 387.) An account stated determines the amount of the debt when liability does exist. It cannot be made an instrument to create a liability when none existed before. (*Austin* v. *Wilson,* 33 N. Y. 503, 11 N. Y. Supp. 565, 33 N. Y. St. Rep. 503.) An account stated must relate to some previous transactions. The relation of debtor and creditor must have already existed. (*Truman* v. *Owen,* 17 Or. 523, 21 Pac. 665; *Melchoir* v. *McCarty,* 31 Wis. 252, 11 Am. Rep. 605.) It is necessary to prove the assent of both parties to the account stated. All facts and circumstances may be shown that will aid in deciding what occurred, or explain what occurred, at the settlement of account. (*Mead* v. *White* (Pa.), 8 Atl. 913; *Goodrich* v. *Coffin,* 83 Me. 324, 22 Atl. 217; *Coffee* v. *Williams,* 103 Cal. 550, 37 Pac. 504.) The burden of proving the account stated is on him who pleads it. (*Clark* v. *Marbourg,* 33 Kan. 471, 6 Pac. 548; *McClellan* v. *Crofton,* 6 Me. 307.) Conditions precedent and subsequent

must be proved, and they must be alleged if not recited in the written instrument.    (*Moore* v. *Waddle,* 34 Cal. 147.)

It is necessary to allege the occurrence of the contingencies and that a fund arose therefrom out of which to pay the amount due upon the contingencies, and if the allegations are denied by the answer and issue is thereby created, proof is required on the part of plaintiff in order to entitle him to recover. (*De Wein* v. *Osborn,* 12 Colo. 407, 21 Pac. 189; Ency. of Pl. & Pr., vol. 4, p. 645, citing *Wilson* v. *Clark,* 20 Minn. 367; *Fox* v. *Pullman Car Co.,* 16 Mo. App. 122; *Rodgers* v. *Cody,* 8 Cal. 324; *Murdock* v. *Caldwell,* 8 Mass. 309.)

*Messrs. Forbis & Mattison, Mr. M. J. Cavanaugh,* and *Messrs. Forbis & Evans,* for Respondent.

The contract being in writing, the law presumes a consideration, and therefore it is only necessary to allege the contract, and all allegations of antecedent considerations are surplusage, and are at best, and only, inducements.    The action is not founded upon them; they are not essentials, and cannot be traversed for the purpose of requiring the plaintiff to prove them in the first instance.    (*Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429, 34 Pac. 1089.)    In *Williams* v. *Hall,* 79 Cal. 606, 21 Pac. 965, matters of inducement were set up much the same as in the case at bar, and the court held it was not necessary to allege a consideration for any contract in writing. (*Toomy* v. *Dunphy,* 86 Cal. 639, 25 Pac. 130.)

Plaintiffs were only required to set forth the contract without alleging consideration, and if no affirmative defense were made that recovery followed as a matter of course.    It follows as a logical conclusion, that the lack of consideration is an affirmative defense which must be set up and proved by defendant, and the burden of proof falls upon him, under section 2170, Civil Code.    The provision of that section is applicable alike to the case where the sufficiency of the consideration is alleged in the complaint, and denied in the answer, or where the want of consideration is alleged in the answer and denied

in the replication. (*Poirier* v. *Graval,* 88 Cal. 79, 25 Pac. 962; *Gebhart* v. *Francis,* 32 Pa. St. 78; Abbott's Trial Brief Pleadings, vol. 2, p. 902; *Murray* v. *New York Ins. Co.,* 85 N. Y. 236; *Coburn* v. *Travelers' Ins. Co.,* 145 Mass. 226, 13 N. E. 604; *Wormouth* v. *Hatch,* 33 Cal. 121; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429, 34 Pac. 1089; 4 Ency. of Pl. & Pr. 944-950.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This action was brought by John Noyes, who died pending suit, and Elmira Noyes, administratrix of his estate, was by order of court substituted as the plaintiff. The appeal is from a judgment and the order overruling a motion for a new trial.

The plaintiff alleges: That defendant Young was justly indebted to one Orlena E. Price in a sum exceeding $5,000 for moneys had and received by said defendant for the use and benefit of Orlena E. Price. That said defendant and Orlena E. Price, by a mutual agreement, settled and compromised the said indebtedness then existing, and by said mutual agreement and compromise the amount of the said indebtedness between the parties was fixed at the sum of $5,000, which sum Young agreed to pay to said Orlena E. Price. That she had made demand therefor, but that Young had not paid the same. That she threatened to and was about to commence an action against Young to recover of him this amount. That on the 19th day of March, 1888, the defendant Young executed and delivered to the plaintiff his agreement as follows:

"In consideration of my being justly indebted to Orlena E. Price, in the sum of five thousand dollars, I, William H. Young, of Butte, Silver Bow County, Mt., do hereby agree that in the event of my selling or otherwise disposing of the 'Cora' lode claim, situated in Summit Valley Mining District, Silver Bow County, Montana, or any interest in said lode claim for cash, or for any consideration other than a corporate stock consideration, I will upon so selling or disposing of such

property, pay to Orlena E. Price, the sum of five thousand dollars—Provided, that in the event of my giving a bond for a deed upon such property, such bonding shall not be construed as a disposing of such property, unless I should receive a payment or payments, upon such bond, in which event I agree to pay 50% of the amount of such payment so received, to the said Orlena E. Price, to be applied by her upon the said $5,000.00 indebtedness, until such time as said indebtedness is fully paid. Provided, further, that in the event of my leasing the said property, 50% of the royalty or rent received for the property so leased shall be applied by me in payment of said $5,000.00 indebtedness, until the said indebtedness is fully paid. Should I convey any interest in the said Lode Claim to a corporation and stock of such corporation be issued in payment for such interest so conveyed I do hereby agree thereupon to transfer to the said Orlena E. Price stock of such corporation to the value of five thousand dollars, to be valued at the market value of such stock.

"Dated this 19th day of March, A. D. 1888.

[Signed]　"W. H. YOUNG.

"For valuable consideration we hereby assign the within to John Noyes.　　　　　　"ORLENA E. PRICE.
　　　　　　　　　　　　　"JOHN W. PRICE.

"Aug. 20th, 1888.

"Duly verified.

"Endorsed: Filed, June 29, 1901."

That the consideration for said agreement was the promise on the part of Orlena E. Price to refrain from and forbear bringing suit to recover said indebtedness; that Orlena E. Price afterward, for a valuable consideration, sold, assigned, transferred and set over to the plaintiff, John Noyes, this agreement; that the contingency named in the agreement had happened; that Young had not paid the sum of $5,000 or any part thereof; and that the same was then due.

The defendant admitted the execution of this contract; admitted the assignment to Noyes; admitted the happening of

the contingency; admitted that he had not paid the sum named therein or any amount thereof; denied that there was any promise to forbear suing; denied that there was any consideration for the contract whatsoever; and alleged that at the time of the execution of the contract he was the owner of an interest in the Cora lode claim; that Orlena E. Price represented to him that she had sold or could sell said claim to one Conrad for the sum of $60,000; and that the $5,000 named in the contract was the amount of the commission which would be due to Orlena E. Price in the event she made the sale of the property to Conrad, but that such sale was never made, and that there was, therefore, no consideration for the contract. Defendant also alleged that action on the contract was barred by the statute of limitations. It appears from the evidence on the part of plaintiff that the contract on which the action is founded grew out of a claim made by Orlena E. Price against defendant Young on account of money and property belonging to her deceased brother's estate, which she claimed was converted by Young.

The case was tried before a jury, and a verdict rendered in favor of the plaintiff. Judgment was entered thereon against defendant Young, the action as to all the other defendants having been dismissed. From this judgment and an order overruling defendant's motion for a new trial this appeal is taken.

Plaintiff submitted her case upon the admissions contained in the separate answer of defendant Young, and rested her case in chief upon these admissions. Defendant then moved for a nonsuit upon the grounds: 1. That the contract sued on was void for want of consideration, want of mutuality, and was uncertain; was merely evidence of an account stated. 2. That plaintiff pleads a forbearance to sue as a consideration; that this is denied by the defendant, and that no evidence was offered to sustain this allegation of the complaint; that the admissions in defendant's answer are immaterial, in that they in no way constitute, tend to constitute, or make out

a cause of action for the plaintiff. This motion for nonsuit was overruled.

Viewing the instrument on which the action is based, we find a positive, unequivocal written admission of indebtedness on the part of appellant payable to Orlena E. Price; the specification of several contingencies, upon the happening of any one of which the sum admitted, or some part of it, would become due; and a statement as to the manner in which payments were to be made. If this instrument arises from and is based upon transactions had between the parties at its date, it is as purely a contract as is a promissory note that became due on the happening of a contingency, for it acknowledges an indebtedness, and promises to pay it. If it is the result of an agreement relating to past transactions, it is, in effect, an account stated, and as such is a contract on which an action may be based.

" 'From an account stated the law implies a promise to pay whatever balance is thus acknowledged to be due.' (*Chace v. Trafford,* 116 Mass. 529, 17 Am. Rep. 171.) It is not necessary that there should be an express promise to pay. * * * On the contrary, there is an implied promise in law on the part of him against whom the balance is found to pay, and action is maintainable thereon. (*Voight* v. *Brooks,* 19 Mont. 374, 48 Pac. 549. See, also, *Stagg & Conrad* v. *St. Jean,* 29 Mont. 288, 74 Pac. 740; *Martin* v. *Heinze,* 31 Mont. 68, 77 Pac. 427.) In the *Martin Case,* Chief Justice Brantly, speaking for the court, uses this language: "An account stated is an agreement between the parties, either express or implied, that all the items are correct. [Citing cases.] The action is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract. This contract is the cause of action, and the plaintiff must recover upon it, or fail in the action. [Citing cases.] It is therefore not necessary, nor is it permissible, to prove the items of the original account. They may not be inquired into or surcharged, except upon the ground of fraud,

error or mistake in the ascertainment of the balance [citing cases], and then only when the fraud, error or mistake upon which the agreement is sought to be impeached is specifically alleged in the answer." To the same effect is the decision in *Johnson* v. *Tyng,* 37 N. Y. Supp. 516, 1 App. Div. 610. There is no allegation in this answer that there was any fraud, error or mistake in the execution of this contract.

A written instrument is presumptive evidence of a consideration, and the burden of showing want of consideration lies with the attacking party (sections 2169, 2170, Civil Code), and no consideration need be averred in the complaint. (*Williams* v. *Hall,* 79 Cal. 606, 21 Pac. 965; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429, 34 Pac. 1089.) This action is based upon the contract, not upon antecedent matters. The contract imports a consideration, and none need be averred or proven independently of the proof of the contract itself, and, if averred, it can have no greater effect than to narrow the issue.

*Murray* v. *New York Life Ins. Co.,* 85 N. Y. 236, was an action to recover upon two life insurance policies. The complaint alleged, among other things, that the death of the insured was not caused by the breaking of any of the conditions and agreements in either of the policies. The defendant, it appears, had admitted the issuance of the policies, their nonpayment, and the death of the insured, and relied upon an affirmative defense, claiming thereby the right to open and close the case. The court referred to this allegation in the complaint, and said: "This allegation was not required, and all that was essential to make out a cause of action was a statement of the contract, the death of the assured, and the failure to pay as provided. The insertion of an unnecessary allegation in the complaint, which the plaintiff was not required to aver or to prove in order to establish his case, could not and did not deprive the defendant of his right to the affirmative, if such right actually existed. As the allegation referred to was not properly there for the purpose of making out a good.

cause of action, the complaint must be regarded as if it contained no such averment." (*Wormouth* v. *Hatch,* 33 Cal. 121; *Gebhart* v. *Francis,* 32 Pa. St. 78; vol. 2, Abbott's Trial Brief, 902; *Coburn* v. *Travelers' Ins. Co.,* 145 Mass. 226, 13 N. E. 604.)

It is also claimed that the contract is void for uncertainty because the happening of the contingency upon which the payment depends lies wholly with the promisor, the defendant Young. No such question arises in this case, because here the contingency did happen. Had the defendant prevented the contingency from happening, and plaintiff had brought suit alleging bad faith on the part of the defendant, the question would then be presented. A contingency cannot be called uncertain when it has actually occurred.

It is further claimed that, if the defendant was indebted to Orlena E. Price, he was bound to pay that indebtedness, and that his promise so to do was not a sufficient consideration for this contract. One may not claim an advantage by merely agreeing to do that which he is already legally bound to do; but this does not prevent him from binding himself by merging an oral agreement into a written contract, nor does it enable him to escape the written contract merely because the consideration had passed to him prior to the execution of such contract.

It is also claimed that the official capacity of plaintiff is not alleged in the complaint. It appears, however, that after the action was commenced the death of the plaintiff, John Noyes, was suggested, and that this administratrix was substituted as plaintiff by order of the court. Not being made a party by the action of the parties, but by the order of the court, no allegation was required.

In this action the plaintiff was required to prove but four things in order to establish her case in chief, viz.: 1. The execution of the contract sued upon; 2. The assignment of that contract to John Noyes; 3. The happening of the contingency upon which payment depended; 4. Nonpayment by

defendant. All these matters were admitted by the answer of defendant Young. Nothing remained for plaintiff to prove as a part of her case in chief, and the court did not err in overruling this motion for nonsuit.

It is further claimed by the appellant that the court should not have permitted plaintiff to introduce evidence to the effect that the consideration, or at least a part of the consideration, for the written instrument sued upon, was a forbearance to sue the defendant Young. The defendant, in addition to denying that this was a consideration for the contract, alleged that the only consideration for that instrument was the commission which would be due to Orlena E. Price in the event that she made a sale of the mining claim to one J. H. Conrad for the sum of $60,000; that Orlena E. Price had represented to the defendant that she had, at the time the contract was entered into, practically consummated the deal, and that on the strength of this representation the defendant acknowledged himself indebted to her in the sum of $5,000. The defendant introduced evidence tending to prove that there was no forbearance, and that this commission should be due only in the event that the sale was consummated by Orlena E. Price to Conrad; that the sale never was consummated, and that there was, therefore, no consideration for the contract. The plaintiff introduced evidence in rebuttal, over the objection of defendant, that this forbearance was a part of the consideration of the contract. Appellant alleges that this is error, on the ground that "no word, phrase, or sentence of the agreement suggested the slightest idea of even a contemplated thought of forbearance," and that it was a mere verbal contemporaneous promise to forbear, and proof thereof could not be admitted, for it would tend to contradict the terms of the written instrument. This contract does not contain any reference to forbearance, and it is equally silent as to a commission. If the consideration for the contract cannot be inquired into, the defendant could not be permitted to allege or prove that there was any want of consideration; but it is well-settled law that the con-

sideration for any written agreement may be inquired into un-
der proper allegations in the pleadings.    It is equally well set-
tled that forbearance to sue is a sufficient consideration to
sustain a written contract, and there was no error in the ad-
mission of this rebuttal evidence.    (*Stanford* v. *Coram,* 26
Mont. 285, 67 Pac. 1005; 9 Cyc. 338; 1 Current Law, 631;
6 Am. & Eng. Ency of Law, 711, 713, 743.)

Appellant further complains of certain instructions given,
as well as the refusal of the court to give certain other in-
structions requested by the defendant.    Practically all the
questions raised by the appellant with reference to these in-
structions have been already considered, and but one will be
specially noticed.    The defendant requested the court to in-
struct the jury that, if it believed that the brother of Orlena
E. Price died intestate, leaving surviving him his father and
mother, that his sister, Orlena E. Price, was not his heir at
law.    Instruction No. 4 given by the court is as follows: "The
settlement of the disputed claim, or the agreement to forbear
suing upon such a claim, is a sufficient consideration for the
execution of a contract such as that sued on in this action,
and it is not necessary to determine whether such claim could
have been successfully maintained under the facts.    If such
claim was being urged by Orlena E. Price against said de-
fendant Young, and he, for the purpose of settling the same,
executed the agreement in question, then you cannot consider
anything further, but must find for the plaintiff."    This in-
struction correctly states the law, and disposes of the conten-
tion made by the appellant that his requested instruction should
have been given.

The appellant also contends that more than eight years
elapsed from the date of the execution of the contract and the
commencement of the action; that the claim was therefore
barred by the statute of limitations.    It appears, however, that
the contingency on which payment depended happened within
eight years prior to the commencement of the action, and the

statute of limitations did not commence to run until the plaintiff could maintain an action on the contract.

We think this judgment and order should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

*Affirmed.*

Rehearing denied, April 11, 1905.