[No. 12850.  Department One.  January 25, 1916.]

H. RYAN, *Appellant*, v. S. E. HANNA *et al., Respondents.*[1]

CONTRACTS — EMPLOYMENT — CERTAINTY.  A contract whereby defendant agreed that, if at any time she should desire to erect a building in any place in the cities of S. or E., she would employ the plaintiff as architect to prepare the plans and superintend the construction, is so wanting in certainty as to the terms of the employment as to be unenforcible.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 7, 1914, dismissing an action on contract, upon sustaining a demurrer to the complaint.  Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*McClure & McClure* and *Walter S. Osborn*, for respondents.

MORRIS, C. J.—Action for breach of contract.  Appeal from a judgment of dismissal upon the sustaining of a demurrer to the complaint.

The complaint recited that, prior to January 25, 1909, Ryan and the defendant Hanna entered into an agreement, whereby Hanna employed Ryan as architect for a building which she contemplated constructing in Seattle; that, in accordance with the agreement, plans were prepared and other services performed by Ryan of the value of $1,800; that, in procuring these services, Hanna and the Sampson Investment Company acted jointly; in fact, the Sampson Investment Company is Hanna incorporated; that subsequently respondents determined to postpone the erection of the building, and, in order to effect a settlement with Ryan, made and entered into the following agreement with him:

"Seattle, Wash., January 25, 1909.

"The undersigned, Mrs. S. E. Hanna, does hereby declare as follows: that she employed Mr. H. Ryan of Seattle, as

[1] Reported in 154 Pac. 436.

architect for a building which she contemplated erecting at
Westlake avenue and Stewart street, in Seattle, and that said
Ryan prepared plans which were acceptable to her, but that
she was unable to procure a loan upon satisfactory terms,
and therefore concluded that she would not erect a building
according to said plans.

"But in consideration of a settlement made this day with
said Ryan, the undersigned does now hereby agree that if
she should at any time desire to erect a building in any place
in Seattle or Everett, that she will employ said Ryan as her
architect to prepare plans and to superintend the construc-
tion of such building. And further, she does now hereby ex-
pressly declare that she has absolute confidence in the integ-
rity of said Ryan as an architect in every respect.

"Witness:                                     "S. E. Hanna."
"Fred H. Peterson."

It is then alleged that respondents breached the agreement
and employed one Dow, as architect and contractor, to erect
a building on Pike street, Seattle; that said building was com-
pleted prior to July, 1913, at a cost of not less than $12,000.
It is further alleged that, by reason of the breach of the con-
tract in failing to employ appellant as architect and super-
intendent of the building, he has been damaged in the sum of
$600.

We think the demurrer was well taken. It is clear, as con-
tended by appellant, that an action will lie upon an instru-
ment containing a promise to pay a given sum upon the hap-
pening of some contingency, like a promise to pay a given
sum of money upon the sale of certain land, as in *Schweitzer
v. Schweitzer*, 26 Ky. Law 889, 82 S. W. 625, or the sale of a
mine, as in *Noyes v. Young*, 32 Mont. 226, 79 Pac. 1063;
this upon the theory that the only uncertain element in the
contract, that of time, has been rendered certain by the hap-
pening of the event. But this is not such a contract. If the
contract contained a promise to pay a given sum upon the
erection of a building in Seattle or Everett, and the building
had been erected, the cause would be like those relied upon by
appellant. The only uncertainty would have been removed.

This contract has too many uncertainties which neither time nor any other contingency can supply, save the making of a new contract between the parties. It fails to state on what terms the employment is to be entered upon, whether appellant or respondent is to name the terms and conditions, or whether they are to be determined mutually. Suppose appellant refuses to accept terms satisfactory to respondent. Is the erection of the building to be deferred until he is satisfied with the terms offered him? Or, suppose he is unable to proceed. Must the erection of the building be deferred to suit his convenience?

Many other like deficiencies suggest themselves, rendering this contract too uncertain to be enforced. The court can supply some elements in a contract, but they cannot make one; and when the language in a contract is too uncertain to gather from it what the parties intended, the courts cannot enforce it. As was said in *Weldon v. Degan*, 86 Wash. 442, 150 Pac. 1184:

"The so-called contract is no more than an agreement for an agreement, or, in other words, an agreement to do something which requires a further meeting of the minds of the parties and without which it would not be complete, and to which any one of the parties might object if proposed."

Many other observations in the *Weldon* case are applicable here, and our decision may safely rest upon what is there said.

The demurrer was properly sustained, and the judgment is affirmed.

Mount, Fullerton, Ellis, and Chadwick, JJ., concur.