# MONTANA ORE PURCHASING COMPANY, Respondent, *v.* BOSTON AND MONTANA CONSOLIDATED COPPER AND SILVER MINING COMPANY, Appellant.

(No. 2,198.)

(Submitted January 3, 1906.   Decided January 22, 1906.)

*Costs—Appeal—Order Taxing Costs—Bills of Exceptions— Stenographer's Copies—Excessive Charges—Briefs—Remittitur.*

Appeal—Necessary Disbursements—What Constitutes.
1.   Disbursements necessarily made to secure the review of a case are a part of the costs necessarily incurred.

Costs—What Items Recoverable.
2.   Only such items of disbursements may be recovered by the successful party as are provided by section 1866 of the Code of Civil Procedure.

Costs—Bills of Exceptions—Stenographer's Copies.
3.   The cost of copies of stenographers' notes of the testimony, used in the preparation of bills of exceptions, is a proper item of disbursements under section 1866 of the Code of Civil Procedure, which the successful party may recover, even though such copies were procured from day to day during the progress of the trial and prior to a final decision.

Costs—Stenographers—Verbatim Copies—Excessive Charges.
4.   A charge of ten cents per folio, in a memorandum of costs, for verbatim copies of the testimony incorporated in a bill of exceptions, as permitted by the Rules of the Supreme Court (Rule VII, 30 Mont. xxxiv, 82 Pac. ix, is excessive, the legal fee, under Code of Civil Procedure, section 373, being five cents per folio.

Costs—Transcripts—Excessive Charges.
5.   Where the principal part of a transcript, consisting of 15,010 folios, was made up of copies of evidence obtained from the stenographer, chargeable at five cents per folio (Code of Civil Procedure, section 373), and but a small portion prepared by the clerk of the district court, for which ten cents per folio is the proper charge (Political Code, section 4636), a charge of ten cents per folio for the whole number of folios contained in the transcript was excessive.

District Courts—Costs—Appeal—Briefs.
6.   District courts do not possess the power, on a motion to tax the costs of an appeal, to disallow an item for supplemental briefs used in the appellate court, the question of the necessity of such briefs being one for the supreme court to decide.

District Courts—Appeal—Costs—Transcript.
7.   District courts have no power to say, on a motion to tax the costs of an appeal, that any portion of the transcript on appeal should have been omitted as unnecessary, the supreme court being the exclusive judge of what the record on appeal shall contain in order to present appellant's case to it for review.

Appeal—Transcript—Printing by Contract—Cuts—Improper Charge.
    8.  The district court, on a motion to tax the costs of an appeal, properly struck out an item charged for cuts used in the printed transcript and made expressly for that purpose, where the printing was done by contract at a certain rate per page, since the contract price only was properly chargeable.

Costs—Appeal—*Remittitur*—Supreme Court Opinion—Copy.
    9.  Where a judgment or order of the trial court is reversed or modified, a copy of the opinion of the supreme court must accompany the *remittitur* (Rule XIX of Supreme Court, 30 Mont. xlii, and it was error for the district court, on a motion to tax the costs of an appeal, to disallow an item charged for a copy of such opinion.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

From an order taxing the costs of an appeal, the defendant appeals.    Modified.

*Mr. James M. Denny,* for Respondent.

*Messrs. Forbis* N *Evans,* for Appellant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On appeal to this court from a judgment in favor of plaintiff and an order denying defendant's motion for a new trial, the order was affirmed, but the judgment was modified and the defendant was permitted to recover one-half of the costs of the appeals.    (*Montana Ore Pur. Co.* v. *Boston & Montana Con. etc. Min. Co.,* 27 Mont. 288, 70 Pac. 1114, 27 Mont. 536, 71 Pac. 1005.)    Within thirty days after *remittitur* went down, the defendant filed with the clerk of the district court its verified memorandum of costs.  The plaintiff then moved that court to tax the bill by striking out each item thereof.    The motion was sustained as to certain of the items as a whole and certain others in part, but denied as to the rest.    Thereupon defendant appealed from the order as a special order after final judgment.    (*Ryan et al.* v. *Maxey,* 15 Mont. 100, 38 Pac. 228.)

The contention is made that the court erred in striking out any item as a whole or in part.    An item of $1,424.75 for 14,-247½ folios of copies of the stenographer's notes of the testimony used in the preparation of bills of exceptions was stricken

out, on the ground that the expense for it had been incurred during the trial and before it was known what the result would be.   The evidence as to this item shows that copies of the testimony were furnished to the respective parties from day to day during the trial by two stenographers who took the notes of it; that they were paid for by the parties obtaining them, and that the copies thus obtained were used by the defendant in preparing its bills of exception.   It is said by the plaintiff that, since the expense of these copies had already been incurred, it cannot be claimed by defendant that the expense was necessary at the time the bills were prepared, and hence that the expense for them cannot be included in a charge for necessary disbursements under the statute.   (Code of Civil Proc., sec. 1866.) This section provides: "A party to whom costs are awarded in an action is entitled to include in his bill of costs, his necessary disbursements as follows:   *   *   *   the legal fees paid stenographers for *per diem* or for copies;   *   *   *   the reasonable expense in making transcript for the supreme court."

This court has always observed the rule that no item of disbursements may be recovered by the successful party which does not come within the statute.   It was so held on the former appeal in this case.   (27 Mont. 288, 70 Pac. 1114.)   The question, then, is: Does this item fall within the terms of the statute? The words of the statute are "the legal fees paid stenographers for *per diem* or for copies."   The *per diem* here referred to is the fee required to be paid by each party at the beginning of the trial.   (Code of Civil Proc., sec. 374.)   So the word "copies" refers, not to the copies ordered by the parties from day to day to be used only as an aid in the examination of witnesses, but to such as are furnished for the purpose of making up bills of exceptions, either during or after the close of the trial, or statements on motion for new trial.   (Code of Civil Proc., sec. 373.) The copies in question we think fall within the rule.   They were actually used for the purpose indicated; and necessarily so, since no proceeding could have been instituted to have the action of the district court upon the trial of the case reviewed on mo-

tion for new trial and on appeal, and the review by this court would otherwise have been confined to such questions only as arose upon the face of the judgment-roll. The disbursements necessarily made to secure a review of a case are a part of the costs necessarily incurred. Such being the case, the fact that these copies were ordered during the trial and prior to a final decision does not prevent a recovery of the amount paid for them, within the limitation fixed by the statute. If they had not already been obtained, it would have been necessary to incur the cost of them at the time they were used.

The amount charged in the bill is excessive, however. The legal fee for such copies is five cents per folio, when they are verbatim transcripts. (Code of Civil Proc., sec. 373, *supra.*) In this case the defendant, as a precautionary measure and by the order of the district court, incorporated in the bills of exception verbatim copies of the testimony, as was permitted by the rules of this court. (Rules 1899, Rule VII, subdivision 3, 22 Mont. xxxi; Rules 1905, Rule VII, 30 Mont. xxxiv, 82 Pac. ix.) The charge for these copies should therefore have been five cents per folio, instead of ten cents. The item should have been reduced to $712.37.

The same objection is made to a charge of $1,501 for 15,010 folios for typewritten transcript, filed with the clerk of this court. The clerk of the district court is allowed ten cents per folio for such transcripts. (Political Code, sec. 4636.) The evidence shows, however, that the principal part of the transcript was made up of copies of the evidence obtained from the stenographer, the rest being copies of the pleadings and of the findings, all prepared by a copyist employed by the defendant. The clerk was therefore not entitled to charge anything except for comparing the copy with the original and for his certificate. (Political Code, sec. 4636.) The transcript, except the copies of the evidence, cost as much as the allowance made to the clerk under the statute for his work. The number of folios thus paid for was 763, for which defendant is entitled to charge $76.30. This item should therefore have been charged and allowed as fol-

lows: 14,247 folios, at five cents, $712.35; 763 folios, at ten cents, $76.30; clerk's fee for comparing and for certificate, $5.00; making a total of $793.65.

The specific objection made to the item of $3,424.90 for printing the transcript was that it was excessive, unreasonable and unnecessary. The court disallowed of it $102.50. This sum was made up of an item of $23.40, paid for cuts used in the printing and made especially for that purpose, and the balance of $79.10 for portions of the transcript which the court held to have been unnecessary to present the case on appeal. The evidence shows that the transcript was printed under contract, at fifty cents per page. There is no controversy but that under the evidence this was a reasonable charge; but since it was printed under contract, the contract price only should have been charged. The defendant was not entitled to add the item for cuts. The court was therefore correct in disallowing the amount paid for them. But it had no power to say that any portion of the transcript should have been omitted as unnecessary. This court is the exclusive judge, within the limitations of the statute, of what the record should contain in order to present appellant's case to it for review. It will strike out the portions of a transcript which should not be incorporated therein, and disallow the cost of its preparation to that extent (Rules 1899, Rule VII, subdivision 6; 22 Mont. xxxii; Rules 1905, Rule VII, 30 Mont. xxxv, for the statute allows only reasonable charges for it; but to permit the district court to purge the record and fix the proper charge for it, would be equivalent to allowing that court to be the judge of the extent to which this court may go in its review of the case. This could not be tolerated for a moment. If the transcript contained matter which was not necessary, the plaintiff should have presented its objections to this court. The only questions which the district court has to do with on a motion to tax the costs of the appeal after *remittitur* has been filed, are whether particular items are within the statute and whether the charge made is reasonable. The questions as to what record is neces-

sary and what papers should be filed, are exclusively for this court. The district court should not, therefore, have stricken out the item of $79.10. Subject to a reduction by striking out the item of $23.20, the charge for cuts, the item charged for printing is proper and must be allowed.

The court disallowed an item of $47.25, charged for a supplemental brief filed by defendant after the appeals had been argued and submitted. For the reasons heretofore stated, this was error. This court must be its own judge as to whether any brief is necessary; and if the adverse party desires to object to the filing of a supplemental brief in this court, the objection must be presented to, and determined by, this court. There is no objection that the amount charged is not reasonable, and it must be allowed.

Of an item of $23.90, charged for *remittitur* from this court, there was allowed $1.80, the court holding that the plaintiff could not be charged for a copy of the opinion of this court which the clerk attached to it. In this ruling the court was also wrong. By Rule XIX of this court in force at that time and now (Rules 1899, Rule XIX, 22 Mont. xxxviii; Rules 1905, Rule XIX, 30 Mont. xlii, the requirement is that "a copy of the opinion will accompany the *remittitur* when the judgment or order of the trial court is reversed or modified." By the statute fixing the fee bill of the clerk of this court (Political Code, section 872), he is required to collect in advance fifteen cents per folio for making copies of papers or records. By the following section (873) it is his duty to make copies of papers or records when demanded by law or the rules of this court. These provisions of the statute and the rules of this court are controlling, but were evidently overlooked by the district court in disallowing part of this item so stricken out. The whole of this item must be allowed.

The order appealed from must be modified to meet the views herein stated. The matter is remanded to the district court with directions to modify the order accordingly.

*Modified.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.