JOHNSON, RESPONDENT, *v.* GALLATIN VALLEY MILLING
CO., APPELLANT.

(No. 2,561.)

(Submitted November 27, 1908.   Decided January 2, 1909.)

[98 Pac. 883.]

*Accounts Stated—Reopening—Presumptions—Burden of Proof
—Evidence—Waiver.*

Account Stated—What Constitutes.
    1.   The result of an ascertainment of a balance due one of two parties,
and its discharge by payment, was an account stated.

Same—Estoppel—Presumptions.
    2.   A settlement of accounts between two parties does not create an
estoppel, but furnishes a strong *prima facie* presumption that the re-
sult thus reached is correct.

Same—Complaint—Burden of Proof.
    3.   One who seeks to avoid a settlement of accounts, the result of
which was an account stated, and open up to investigation the ante-
cedent dealings between the parties, must allege the error, fraud or
mistake on which he relies, and the burden of establishing such allega-
tion by clear and satisfactory evidence is upon him.

Same—Knowledge of Error or Mistake at Time of Settlement—Effect.
    4.   If, at the time of stating an account and making a settlement, the
party who thereafter seeks to avoid it, knew of the error, mistake or
fraud upon which he relies, or, with ample means of knowledge at hand,
failed to take advantage of such means of knowledge, the account will
not be reopened except upon proof of fraud or imposition.

Same—Evidence—Review.
    5.   Evidence examined, and *held,* that plaintiff, who sought to sur-
charge an account stated, failed to meet the burden of proving error
or mistake in the settlement of the account.

Same—Waiver.
    6.   Where plaintiff, having delivered a large quantity of grain to de-
fendant milling company, agreed to a settlement of accounts between
himself and defendant, and receipted the account with full knowledge
that he had reason to believe that owing to an alleged defect in defend-
ant's scales the latter received more grain than the scales indicated,
and there was not any evidence that he had been misled by defend-
ant's agent, he will be held to have waived any claim to a reopening of
the account on the ground of error or mistake.

    *Appeal from District Court, Gallatin County; E. K. Cheadle,
Judge.*

    ACTION by Joseph Johnson against the Gallatin Valley Milling
Company.   From a judgment for plaintiff and an order denying
a new trial, defendant appeals.   Reversed and remanded.

*Messrs. Hartman & Hartman,* and *Mr. H. M. Stewart,* for Appellant.

An account stated will not be disturbed when the party seeking to impeach or surcharge it for errors was aware of the facts constituting the errors at the time of the stating of the account. (*Linville* v. *State,* 130 Ind. 210, 29 N. E. 1129, 1130; *Everingham* v. *Halsey,* 108 Iowa, 709, 78 N. W. 220; *Harley* v. *Eleventh Ward Bank,* 76 N. Y. 618; *Auzerais* v. *Naglee,* 74 Cal. 60, 17 Pac. 371; *Allen-West Commission Co.* v. *Patillo,* 90 Fed. 628, 33 C. C. A. 194; *Turner* v. *Pearson,* 93 Ga. 515, 21 S. E. 104; *Audleur* v. *Kuffel,* 71 Ind. 543.) Where charges are made and voluntarily paid in a settlement and statement of an account with knowledge of the facts, they cannot be recovered back. (1 Cyc. 461; *Fuller* v. *Crittenden,* 9 Conn. 401, 23 Am. Dec. 364.) The power to open accounts which have been settled is exercised with much caution, and with due regard to the security of business transactions between the parties *sui juris,* when no confidential relation exists. It will be done only upon clear and convincing proof of the grounds justifying it, especially in the absence of fraud and where the ground of relief is mistake. (1 Cyc. 463, 464; *Conlin* v. *Carter,* 93 Ill. 536; *Wilde* v. *Jenkins,* 4 Paige, 481; *Case* v. *Fish,* 58 Wis. 56, 15 N. W. 808.) A settlement of an account once deliberately made is not to be opened except upon the clearest and most positive proof of fraud or mistake therein. (*Murphy* v. *Ross,* 7 N. Y. St. Rep. 182; *Case* v. *Fish,* 58 Wis. 56, 15 N. W. 808; *Moscowitz* v. *Lemp* (Ark.), 12 S. W. 781.) Where the balance on an account stated has been paid, it requires stronger evidence to overcome the settlement than where it has simply been agreed to. (*Nolte* v. *Leary,* 1 Mo. App. 598; see, also, *Dickerson* v. *Thomas,* 67 Miss. 777, 7 South. 503.)

*Messrs. Walrath & Patten,* for Respondent.

It is now uniformly held that the stating of an account does not create an estoppel; that it establishes *prima facie* only the correctness of the account—is merely an admission of its cor-

rectness; and that, unless there be circumstances outside the settlement of the account which would constitute an estoppel *in pais,* the account may be opened and restated where fraud, mistake or error is shown.   The party seeking to open the account has no more than the burden of proving the fraud, mistake or error alleged.   (1 Cyc. 451; see, also, *Gillett* v. *Chavez,* 12 N. M. 353, 78 Pac. 73; *Union Electric L. & R. Co.* v. *Surgical Supply Co.,* 122 Mo. App. 631, 99 S. W. 804; *Withers* v. *Sandlin,* 44 Fla. 253, 32 South. 829; *Chappedelaine* v. *Dechenaux,* 4 Cranch, 306, 28 L. Ed. 629; *Kennedy* v. *Goodman,* 14 Neb. 585, 16 N. W. 834; *Lawler* v. *Jennings,* 18 Utah, 35, 55 Pac. 60; *Ware* v. *Manning,* 86 Ala. 238, 5 South. 682; *Peoples* v. *Yates,* 88 Miss. 289, 40 South. 996; *Wharton* v. *Anderson,* 28 Minn. 301, 9 N. W. 860; *McKinster* v. *Hitchcock,* 19 Neb. 100, 26 N. W. 705; *Samson* v. *Freedman,* 102 N. Y. 699, 7 N. E. 419; *Conville* v. *Shook,* 144 N. Y. 686, 39 N. E. 405; *Smith* v. *Allmon,* 74 S. C. 502, 54 S. E. 1014; *Daytona Bridge Co.* v. *Bond,* 47 Fla. 136, 36 South. 445.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiff seeks to surcharge an account stated between himself and defendant and to recover an additional amount thereon, after payment and discharge of the balance found, for error and mistake not known to the plaintiff at the time of the settlement and receipt of payment.   The transaction out of which the controversy grew may be stated briefly as follows: During the year 1906, the plaintiff entered into a written contract with the defendant to sell and deliver to it his entire crop of spring club wheat raised during that year, except a sufficient amount retained for seed for the following year, at the price of fifty-two cents per bushel.   The plaintiff began to make delivery on November 5 and completed it on December 5. Upon the delivery of each lot it was weighed by the defendant's agent in the presence of plaintiff or his teamster, triplicate scale tickets or receipts showing the weight being made out, one for plaintiff, and the others for use by defendant in keeping

its accounts. When the last delivery was made, the plaintiff presented to the manager of the defendant his receipts and demanded payment of the amount due. On comparison of these with the copies retained by the defendant, they agreed with them in stating the number of bushels delivered and credited to the plaintiff on defendant's books. The plaintiff having in the meantime had advances of money and merchandise from defendant to the amount of $849, this amount was deducted from the total sum due, and plaintiff received defendant's check for the balance and receipted the account in full. The receipts showed a delivery of 2,603½ bushels in all, and assuming the weights to be correct the check, which was for $504.82 represented the correct balance due. The statement rendered and receipted at the time is as follows:

"Belgrade, Mont. Dec. 5, 1906.

Mr. Joe Johnson

Check No. 2597
Voucher No. "

| Invoice | Date | | Description | |
|---|---|---|---|---|
| 13 | 01 | 50 | 2,603½ bu. Sp. Club 52c....................$1,353.82 | |
| | 52 | 06 | | |
| | | | Less contra ac...............................849.00 | |
| | | | Check ........................................504.82 | |

Charge J. J.
Correct D. R. F.

Received of Gallatin Valley Milling Co. Five hundred four & 82-100 Dollars, in full payment for above account.
Dated Dec. 5, 1906.                    JOS. JOHNSON."

It is alleged as the ground of the action: That the amount shown by the receipts to have been delivered was incorrect and erroneous, in that in fact plaintiff had actually delivered 3,463, instead of 2,603½, bushels, and that therefore there was a shortage, to the disadvantage of plaintiff, of 859½ bushels by error in defendant's account; that this error was due to the "defective, false and erroneous weighing of said grain by defendant and its agents," and resulted in showing a balance of $504.82 due plaintiff, instead of $951.76, the correct balance; and that the error was not discovered by plaintiff until in March, 1907, whereupon he, through his attorneys, pointed it out to the defendant and requested it to make the correction and pay to plaintiff the amount still due, and that the request was. denied. Judgment is demanded for $446.94.

Defendant's answer puts in issue all the allegations of the complaint as to error or mistake by defendant in the weighing of the various lots delivered. It then sets forth as a special affirmative defense all the facts showing the sale and delivery as stated in the complaint, and alleges that upon the completion of the delivery plaintiff demanded a settlement of the account, and that a settlement was had, the balance ascertained, and payment made thereof; the plaintiff then and there, with full knowledge of the facts and of the condition of the account, receipting in full for such payment. The replication denies knowledge of the conditions as they actually existed at the date of the settlement.

The court found: That the gross amount of the crop was 3,710 bushels; that plaintiff delivered to defendant 3,331 bushels, being the gross crop less the amount retained for seed, fixed at 267 bushels, and 112 bushels deducted for shrinkage in weight from drying and cleaning; that plaintiff at the time of the settlement, on December 5, 1906, was entitled to credit for this number of bushels at fifty-two cents, the contract price, making the correct balance due him, after deducting $849 for advances, $883.30; that the error in the account resulting in credit to the plaintiff of 2,603½, instead of 3,331 bushels, was due to the "defective, false, and erroneous weighing of said grain by defendant and its agents" during the time of delivery; that at the time of the settlement plaintiff was ignorant of the facts and did not discover them until after he had receipted the account in full; and that, as soon as he did discover the error, he made demand upon defendant for its correction, but the request was denied. Judgment was rendered and entered for plaintiff for the sum of $378.30, with interest at the legal rate from December 5, 1906. Defendant has appealed from the judgment and an order denying its motion for a new trial.

Counsel contend that the judgment and order should be reversed, because the evidence is insufficient to sustain the findings, (1) in that it does not appear therefrom that there was error or mistake in the weights shown by defendant's account, and (2)

in that, even if such were the case, it appears that the plaintiff agreed to the account, accepted the balance shown by it, and receipted for it with full knowledge of any error made by defendant and of the facts and circumstances upon which he now relies to establish his right to recover.

A definition of what constitutes an "account stated" is not necessary to a decision of the questions here presented. It is alleged by plaintiff, and admitted by defendant, that the result of the meeting between them on December 5, 1906, was an ascertainment of the balance due from defendant upon a statement of their accounts and its discharge thereof by payment. We think, however, that the result was an account stated, within the rule of the decisions of this court in *Martin* v. *Heinze,* 31 Mont. 68, 77 Pac. 427, *Noyes* v. *Young,* 32 Mont. 226, 79 Pac. 1063, and *Dorais* v. *Doll,* 33 Mont. 314, 83 Pac. 884, as well as within the general definition laid down in 1 Cyc., at page 364, as follows: "In general terms, where an account is rendered by one person to another, showing a balance due from the one to the other, and the indebtedness thus expressed is acknowledged to be due by the person against whom the balance appears, or where parties having previous transactions agree upon a definite balance as due from one to the other, this will constitute an account stated."

The rules of law applicable to such cases as the present, wherein one of the parties seeks to avoid the settlement and reopen the account, are simple and of easy application. The balance ascertained from a statement of accounts was formerly held to be the result of so deliberate an act by the parties as to preclude an examination into the items for the purpose of correcting errors or mistakes; but this rule has been so far relaxed that, while the promise to pay the ascertained balance is in effect a new promise, the settlement being regarded as the consideration for it, the settlement does not create an estoppel, but furnishes a strong *prima facie* presumption that the result is correct. (*Martin* v. *Heinze, supra;* 1 Cyc. 451; *Holmes* v. *De Camp,* 1 Johns. (N. Y.) 34, 3 Am. Dec. 293; *Gillett* v. *Chavez,* 12 N. M. 353, 78 Pac. 68; *Ware* v. *Manning,* 86 Ala. 238, 5 South. 682;

*Harman & Crockett* v. *Maddy Bros.,* 57 W. Va. 66, 49 S. E. 1009; *Langdon* v. *Roane's Admr.,* 6 Ala. 518, 41 Am. Dec. 60; *Hendy* v. *March,* 75 Cal. 566, 17 Pac. 702; *Sutphen* v. *Cushman,* 35 Ill. 186.)   The result, however, is none the less a contract, and the burden is cast upon the party seeking to avoid it and open up to investigation the antecedent dealings between the parties, to allege in his pleadings the error, fraud or mistake on which he relies, and to establish it by clear and satisfactory evidence.   In addition to the cases cited, the following are also in point: *Chappedelaine* v. *Dechenaux,* 4 Cranch, 306, 2 L. Ed. 629; *Klauber* v. *Wright,* 52 Wis. 303, 8 N. W. 893; *Auzerais* v. *Naglee,* 74 Cal. 60, 15 Pac. 371; *Cross* v. *Sacramento Sav. Bank,* 66 Cal. 462, 6 Pac. 94; *Linville* v. *State,* 130 Ind. 210, 29 N. E. 1129; *Murphy* v. *United States,* 104 U. S. 464, 26 L. Ed. 833; *Rehill* v. *McTague,* 114 Pa. 82, 60 Am. Rep. 341, 7 Atl. 224; *Conlin* v. *Carter,* 93 Ill. 536.   Unless this burden is assumed and sustained by the adverse party, the settlement is conclusive.

In *Chappedelaine* v. *Dechenaux, supra,* it was said: "No practice could be more dangerous than that of opening accounts which the parties themselves have adjusted, on suggestion supported by doubtful or by only probable testimony." In *Klauber* v. *Wright,* the court, after stating that the evidence to surcharge an account should be clear and satisfactory, quoted with approval from the earlier case of *Martin* v. *Beckwith,* 4 Wis. 220, as follows: "Principle and public policy alike require that, when parties, after a full and fair opportunity of examining and deciding upon their mutual accounts, have adjusted and settled them, the settlement should be conclusive.   Any other rule would be dangerous and oppressive, and often work the greatest injustice." In *Linville* v. *State,* it was said: "The law favors the settlement of business transactions by the parties, and when they have made such settlements they will be held bound thereby, in the absence of fraud, mistake or other illegality.   A voluntary settlement of accounts between parties affords a presumption that all items properly chargeable at the time were included.   The presumption is not conclusive, but

clear and convincing proof that such items were unintentionally omitted is necessary to sustain a subsequent claim to recover them.'' Indeed, the rule has application to all contracts. The party who claims that he should not be bound by his engagements may not avoid them except upon appropriate allegations setting forth the facts showing the fraud or mistake upon which he relies, and supporting his allegations by evidence sufficiently substantial and definite to overcome the *prima facie* case made against him by the admission that he made the engagements. (*Power & Bro.* v. *Turner*, 37 Mont. 521, 97 Pac. 950.) If, at the time of stating the account and making the settlement, the adverse party knew of the error, mistake or fraud upon which he relies, or, with ample means of knowledge at hand, he failed to take advantage of such means of knowledge, there is still less reason that the account should be reopened, and it will not be permitted except upon proof of fraud or imposition. (1 Cyc. 464; *Gage* v. *Parmelee*, 87 Ill. 329; *Farnam* v. *Brooks*, 9 Pick. (Mass.) 212; *Swayze* v. *Swayze*, 37 N. J. Eq. 180.)

Applying these rules to the evidence presented by the record, we are constrained to hold that it does not justify the findings of the district court. Counsel for respondent frankly stated during the argument that they did not allege or insist that the evidence established fraud on the part of the defendant. They rest their argument in support of the findings solely upon the evidence which, they insist, tends to show inaccuracy in the scales used by the defendant's agent in weighing the wheat as it was delivered. The evidence on this point is substantially the following: At the time the wheat was threshed, the machine measurement showed 3,730 bushels. Out of this the plaintiff weighed and retained 266⅔ bushels. According to his testimony, the scales used by him in weighing this amount fell a half bushel short in a hundred. After taking out 266⅔ bushels weighed in this way, he delivered the entire balance to defendant. During the delivery he concluded that something was wrong with the defendant's scales, because, judging from the rapidity at which the bulk in his bin in which the wheat had

been put when threshed was diminishing, it was not holding out as it should. In order to satisfy himself that his conjecture was well founded, he took the last lot to the county scales and had it weighed there before delivery to defendant, and, by comparison of the weights thus obtained with those shown by defendant's scales, found a difference of 1,115 pounds, the county scales showing a weight of 21,335, and the defendant's scales 20,240 pounds. The weighing at the county scales was not done by the official weigher, but by another man, who was left in charge of the scales while the former was at dinner. There is no evidence that this weighing was correctly done, nor that the man in charge understood the use of the scales. Shortly before the trial, and about one year after the settlement, one of plaintiff's witnesses took the measurement of the length and breadth of plaintiff's bin and the height at which plaintiff told him the wheat stood in the bin when put into it, and calculated the cubical contents of the included space in bushels, finding the contents to be 3,610 bushels. There was some evidence to the effect that the machine measurement referred to was reasonably accurate. Plaintiff testified, in substance, that at the time of the settlement he discussed the apparent shortage with defendant's manager and insisted that he was nearly 1,000 bushels short because of the error in defendant's weights, but that the manager insisted that such was not the fact, and that, if anything was wrong, it was in the weights gotten from the county scales. He further stated that he then made the settlement and receipted for the balance found due him, though he well knew that defendant's scales were wrong, and that he was getting pay for nearly 1,000 bushels less than he was entitled to. In explanation, offered by him, as to why he settled notwithstanding his knowledge of this fact, he said: "I did not feel like taking any action at that time." There was evidence on the part of the defendant, uncontradicted, to the effect that the scales used by it were of standard make, were in good order and weighed accurately, were tested frequently to see that they were in proper

order, and were used from day to day in the conduct of its business.

It is apparent from this evidence, we think, that the plaintiff failed to meet the burden cast upon him by the rules of law applicable. The only evidence offered of any substantial value, tending to show that he was not paid for all the wheat actually delivered after allowing for shrinkage, is the thresher measurement. The bin measurement is of little value or corroborative force, because it was not based upon actual measurement of the space filled by the wheat, but upon the measurement of two of its dimensions and plaintiff's recollection, after the expiration of a year's time, of the other. The county scale weight of the last lot delivered is of no value for purposes of comparison. Even if the weights of all the separate lots had been taken in the same way, in the absence of some evidence tending to show that they had been correctly taken, the court was left to guess as to whether or not such was the case. There was also some question as to the correctness of the machine measurement, for the scale was shown to have been out of order on a previous occasion to such an extent as to make a substantial overmeasurement, and though it appears to have been adjusted, yet, even so, owing to irregularity in the running of the machine, it would at times give overweight to a substantial degree. There was no evidence introduced tending to exclude the idea that there were not other causes of loss to the plaintiff, after making all due allowance for natural shrinkage because of moisture and from cleaning. Weighing this evidence against the evidence of the persons in charge of defendant's scales, we do not think error or mistake is made to appear with sufficient clearness to justify a reopening of the account; but, assuming that the evidence is sufficient to establish substantial error in the weights furnished by defendant's agent, the settlement was made and the account receipted with full knowledge on the part of the plaintiff of all the facts submitted at the trial. There is no evidence that he was misled by any statement made as to any of them by any of defendant's agents. Under the circumstances,

he should be held to have waived the claim which he now asserts against the defendant.

The judgment and order denying a new trial are reversed, and the cause remanded, with directions to enter judgment for defendant.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

