BARKER AUTO COMPANY *vs.* WILLIAM H. BENNETT & others.

Essex. November 5, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Performance and breach, Implied. *Waiver. Account Stated. Practice, Civil,* Exceptions.

In an action by a corporation against a dealer in automobiles for money received to the plaintiff's use according to an account annexed containing ninety-three items, it appeared that the defendant had made a contract in writing for the sale of a certain number of automobiles at a specified price within a certain time to one who deposited with the dealer $1,250 on account of the contract; that the contract provided that it should not be assignable without the dealer's consent, and that, within the specified time, the purchaser assigned to the plaintiff all his right, title and interest in the deposit. The defendant did not assent expressly to such assignment. There was evidence tending to show that thereafter the plaintiff and its assignor purchased and accepted delivery from the defendant of several automobiles, but that the whole number of automobiles specified in the contract was not purchased by either of them; that the assignor, after the expiration of the period covered by the contract, interviewed the defendant and asked "how he stood;" that the defendant gave him a statement of an account purporting to be between the defendant and the assignor, which showed eighty-six of the items in the account annexed to the declaration, and, besides items showing the deposit of $1,250, contained

items of goods sold to the plaintiff after the assignment to it; that, interviewed later by an attorney for the plaintiff, the defendant had stated that the account, with some further credits to the plaintiff, was correct, and that there was no claim or offset in the defendant's favor caused by a breach of the contract. *Held,* that a finding was warranted that for a good consideration the defendant had waived breaches of the contract and had assented to the substitution of the plaintiff for the plaintiff's assignor; and that a verdict for the plaintiff was warranted.

Where the declaration in an action of contract contained two counts, the first for money received by the defendant for the plaintiff's use and the second upon an account stated, both counts being for the same amount and referring to the same account annexed, and at the trial there was evidence tending to show that the parties had agreed upon an amount due to the plaintiff, but that the amount was less than that stated in the declaration and the trial judge erroneously refused to rule that the plaintiff was not entitled to recover on the second count, an exception to the erroneous ruling of the judge will not be sustained if it appears that a finding for the plaintiff on the second count could have been made only by determining in his favor every issue necessary to enable him to prevail on the first count; because the defendant was not harmed by the error.

CONTRACT against William H. Bennett, Harry M. Doane and John R. Honors, copartners doing business as the Essex Automobile Company, with a declaration containing, as amended, three counts. At the trial the plaintiff waived the third count. The first count was for $766.60, "for money received by the defendants to the plaintiff's use," according to an account annexed of ninety-three items. The second count alleged "that the defendants and the plaintiff had a mutual settlement among themselves of the indebtedness between them, and there was a balance found due the plaintiff on accounting together for the sum of $766.60," according to the same account as was referred to in the first count. Writ in the District Court of Southern Essex dated January 18, 1912.

On appeal to the Superior Court, the case was tried before *Sanderson,* J. Evidence as to the statement of the account, and a part of the testimony of Pierce, referred to in the opinion, were as follows:

Barker, described in the opinion, testified that he asked the defendants for a statement of how he stood and that a statement bearing the letterhead of the defendants dated September 12, 1911, was given him either on his first or second visit or upon some other occasion. All of the defendants testified that this statement was given without their knowledge or authority. This

statement was introduced in evidence and in terms was like the first eighty-six items in the account annexed to the declaration. It showed a credit balance in favor of Barker Auto and Repair Company of $1,119.65. It did not contain the last seven items in the account annexed to the declaration. Barker "also testified that when he was in Lynn in August, 1911, the defendants told him that there would be a credit given him for some parts that had been returned as soon as it came from the Warren Detroit Company," and that on his second visit Honors [one of the defendants] "promised to send a check on the following Thursday, which he failed to do."

On September 27, 1911, one Pierce, an attorney at law practicing in Hartford, Connecticut, came to Lynn in behalf of the plaintiff. Pierce testified that he called upon the defendant Honors and stated that Barker and the plaintiff were short of funds and were being pressed for money; that he showed Honors the statement of September 12, 1911, above referred to, and asked if it was correct; that Honors said, "Yes, as far as it goes," that in addition there were credits for parts that had been returned; that he asked Honors why the account was not settled; that Honors answered that the partnership account was short of ready cash; that he asked Honors whether there was any dispute and that Honors said, "No," they simply had not got the money to pay it; that Honors said there was a racing car, a coupé, a roadster, some other car, four cars they had on hand of the Warren type they wanted to sell and asked him whether he would not take one of those cars; that Pierce said, "No, the Barker Company needs the actual cash and this money is due them;" that Honors said that Barker did not take all the cars he ought to, and that Pierce replied that Barker sold all he could and said that if there was any claim or offset or counter claim on this fund he wanted to know it then, and that Honors replied, "No;" that Pierce then said, "You never expected he would sell all those twenty-five cars, did you?" and that Honors replied, "No, that is simply a custom of the trade to get a line on how many we are going to want from the factory;" that Honors finally gave him his personal check for $400, for which he gave Honors a receipt on account for the Barker Auto Company, "and that Honors promised to pay the balance when they had sold one or all of those

four cars; that Pierce objected to that and that Honors finally said that when he sold any of those four cars so as to get some cash he would pay the balance."

Other material evidence is described in the opinion.

At the close of the evidence the defendant asked, as to each count, for a ruling that the plaintiff was not entitled to recover on that count. The rulings were refused.

The jury found for the plaintiff in the sum of $843.26. The defendants alleged exceptions.

*R. T. Parke,* (*S. H. Hollis* with him,) for the defendants.

*E. S. Underwood,* for the plaintiff.

RUGG, C. J. The first count in the plaintiff's declaration was for money had and received, and the second on an account stated, each being for the same amount.

In July, 1910, one Barker, doing business as the Barker Auto and Repair Company, entered into a written contract with the defendants, whereby among other matters he agreed to buy and the defendants to sell twenty-five automobiles between August 1, 1910, and July 31, 1911. The plaintiff corporation was organized in December, 1910, and in the month following Barker assigned to it all his right, title and interest in deposits amounting to $1,250 made with the defendants under this contract. The contract contained a provision that no right under it should be assigned without the written consent of the defendants. The terms of the contract as to the purchase of automobiles were not complied with in full by Barker or the plaintiff. The testimony of Pierce, together with other facts stated, would support a finding that the defendants waived both these provisions by treating the plaintiff as entitled to the rights of Barker under the contract and by relinquishing "any claim or offset" arising from failure to take the stipulated number of cars. There was ample evidence that the account annexed, as to the first eighty-six items, was prepared by the defendants and was acknowledged by one of them to be a correct statement of the relations between the parties. Although made in the name of the Barker Auto and Repair Company, (the name under which Barker as an individual carried on business,) it might have been found that the plaintiff was treated as his successor and that the statement included the transactions of both as a continuous relation with the defendants.

The first eighty-six items in the account might have been found to have been proved as an "account stated," which is "an acknowledgment of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. It thereby becomes a new and independent cause of action." *Chace* v. *Trafford*, 116 Mass. 529, 532. There were items of charge and credit of considerable amounts on both sides of this account. The relations between the parties growing out of the written contract, the deposits made with the defendants under it and the machines and merchandise furnished by them under it, formed an appropriate field for reaching an account stated. The evidence would support a finding that there was an agreement between the parties as to the balance due. So far as any consideration was needed for the waiver by the defendants of their rights under the contract and substituting the plaintiff for Barker, it may be found from the circumstance that the plaintiff took one or more automobiles (inferable from the fact that during the term of the contract "Barker and the plaintiff purchased and accepted delivery from the defendants of five automobiles") and from the account stated between the parties. The remaining items might have been found to be true on other evidence. It follows that the request for a ruling that the plaintiff could not recover on the count for money had and received was refused rightly.

The second ruling requested, to the effect that the plaintiff could not recover on the count on the account stated, should have been granted. The evidence as to the account stated did not support the declaration. It was for an amount different from that pleaded and different from the verdict. Commonly, when a case is submitted erroneously on two counts of a declaration when there is right of recovery only on one count, and a general verdict is returned, there must be a new trial. *F. W. Stock & Sons* v. *Snell*, 213 Mass. 449. The reason is that in such case the jury may have found for the plaintiff on the count which in law ought not to have been submitted to them, and hence that a wrong may have been done. But in the case at bar the plaintiff had a right to go to the jury on the first count of its declaration. A finding for the plaintiff on the second count of its declaration could only have been made by determining in favor of

the plaintiff every issue necessary to enable it to prevail on the first count. It follows that no wrong can have been done and it is not necessary to sustain this exception.

One issue raised by the defendants' answer in recoupment was whether the written contract between Barker and the defendants had been broken by the former. One of the defendants testified that they always were ready and able to deliver the cars called for by the contract. It was incumbent upon the defendants to prove this fact. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 371, 382. He further testified without objection that during the period in question the defendants sold from fifty to seventy-five automobiles at retail and that he was unable to tell how many he had contracted to sell to other sub-agents. The plaintiff then was permitted, against the defendants' exceptions, to introduce in evidence four contracts with other sub-agents for the sales of cars during the period of time within which deliveries were to be made under the contract between Barker and the defendants, solely for the purpose of showing the number of cars the defendants were under obligation to furnish to others, as having some tendency to indicate whether they were ready and able to fulfil their agreement with the plaintiff. It cannot be said that this was incompetent under the circumstances. The extent of the defendants' obligations to furnish to others special machines, such as automobiles are, not generally sold in unlimited quantities in the market, had some bearing upon this issue. It was not evidence of the breach of another contract for the purpose of inferring a likelihood that there would be a breach of the one in controversy, as in *Hanson & Parker, Limited,* v. *Wittenberg,* 205 Mass. 319. Moreover, it was a subject about which the witness had been examined at considerable length without objection and it is difficult to see how the defendants were harmed even if the evidence were not competent.

*Exceptions overruled.*