HOUGH, Respondent, *v.* ROCKY MOUNTAIN FIRE INSURANCE CO., Appellant.

(No. 5,419.)

(Submitted March 11, 1924.   Decided April 1, 1924.)

[224 Pac. 858.]

*Accounts Stated—Hail Insurance—Pleading and Practice—Denial on Information and Belief—When Improper—Judgment on Pleadings—Place of Payment—Venue.*

Account Stated—Proof of Items not Required.
1. An account stated is an agreement, either express or implied, that all the items of the account are correct, and therefore plaintiff in an action thereon is not required to prove them.

Same—Crops—Hail Insurance—Proof as to Contents of Policy not Required.
2. In an action on an account stated based upon an alleged adjustment of a loss of crops incurred by hail under an insurance policy between the agent of defendant insurance company and the owner, plaintiff under the above rule was not required to prove the nature of the debt or the items of loss, his averments in the complaint concerning the policy having been merely introductory matter.

Pleading—Denial on Information and Belief—When Improper.
3. Where knowledge of a fact alleged in the complaint is presumptively with the defendant he may not avail himself of a denial of knowledge or information sufficient to form a belief; hence defendant insurance company's denial on information and belief that the person alleged to have acted as its agent in adjusting a loss by hail and agreeing upon the sum due was its agent was evasive and did not tender an issue.

---

3. Effect of denial on information and belief of matter necessarily within knowledge of defendant, see note in **Ann. Cas.** 1912C, 149.

Same—Insurance—Denial of Agency on Information and Belief When Permissible.

4.   Denial that defendant company had sufficient knowledge or information upon which to found a belief that its agent agreed on the sum due to plaintiff under a hail insurance policy was equivalent to saying that, being without knowledge as to whether an account was thus stated, it would insist upon proof of the averment and therefore deny the allegation, and sufficient to tender an issue, rendering the action of the court in granting a motion for judgment on the pleadings erroneous.

Account Stated—Place of Payment not Stated—Where Payment to be Made—Venue.

5.   Where the memorandum evidencing an account stated is silent as to the place of payment, the law, under sections 7434 and 7435, Revised Codes of 1921, imports into the writing and makes part of it by implication a provision that the debtor must, in order to perform his obligation, pay or tender payment to the creditor where the latter may then reside or conduct his business or may be found, and in such a case denial of a motion to change the venue to the place of the debtor's residence or place of business is proper.

*Appeal from District Court, Golden Valley County; George A. Horkan, Judge.*

Action by Elbert Hough against the Rocky Mountain Fire Insurance Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

*Messrs. Cooper, Stephenson & Hoover* and *Mr. Stuart Mc-Haffie,* for Appellant, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

A judgment on the pleadings can be rendered only upon the pleadings in the action and not upon affidavits, papers and files.   (*Northern Bank of New York* v. *Becker,* 65 Misc. Rep. 579, 120 N. Y. Supp. 880; *Standard Fashion Co.* v. *Thompson,* 137 App. Div. 588, 122 N. Y. Supp. 300; *Hawes* v. *Hawes,* 128 N. Y. Supp. 50.)

The answer denies material allegations of the complaint and judgment on the pleadings cannot be sustained.   (*First Nat. Bank* v. *Silver,* 45 Mont. 231, 122 Pac. 584; *Equity Co-op. Assn.* v. *Equity Co-op. Milling Assn.,* 63 Mont. 26, 206 Pac. 349; *Bryant* v. *Davis,* 22 Mont. 534, 57 Pac. 143; *Bach, Cory & Co.* v. *Montana L. & P. Co.,* 15 Mont. 345, 39 Pac. 291.)

*Mr. A. D. Baker,* for Respondent, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

The answer is frivolous, evasive and utterly fails to deny any material allegation of the complaint, and motion for judgment on the pleadings was properly sustained. (*Nichols* v. *Jones,* 6 How. Pr. (N. Y.) 355.) "The general rule seems to be that a denial by reason of insufficient information upon which to form a belief as to the truth or falsity of the matters alleged by plaintiff or petitioner, of which defendant has knowledge, actually or presumptively, or concerning which he could easily obtain the requisite knowledge, will be treated as an evasion and will raise no issue, the allegation thus denied being for all intents and purposes deemed to be admitted." (*In re Estates of Schuh,* 66 Mont. 50, 212 Pac. 516, citing Ann. Cas. 1912C, 150, note; 1 Ency. Pl. & Pr., 811. Also see *McIntosh Livestock Co.* v. *Buffington,* 108 Or. 358, 217 Pac. 635; *Security State Bank* v. *Melchert* (Mont.), 216 Pac. 340; *Fravert* v. *Fesler,* 11 Colo. App. 387, 53 Pac. 288; *Raymond* v. *Johnson,* 17 Wash. 232, 61 Am. St. Rep. 908, 49 Pac. 492.)

MR. JUSTICE COOPER delivered the opinion of the court.

Action to recover upon an account stated. The complaint alleges the issuance by the defendant of a hail insurance policy upon the growing crop of one Harry E. Grant, the destruction of the crop, the assignment of the claim by Grant to plaintiff, and the performance of all the terms and conditions of the policy. In the fifth paragraph of the complaint it is alleged that on August 14, 1922, the plaintiff and defendant, through the latter's agent and adjuster, C. J. Barringer, agreed upon the sum of $1,160 as the value of the crop destroyed and the promise that it would be paid October 1, 1922.

The defendant filed a general demurrer to the complaint and at the same time a written motion for a change of venue. The motion was denied. On May 9, 1923, the answer of the defendant was filed, admitting the corporate existence of the defendant

and the issuance of the policy against loss by hail, to the amount of $1,160.  On information and belief it denied that on July 25, 1922, a hailstorm totally destroyed the crop causing a loss to Grant in the sum alleged or that he had performed all the conditions of the contract, and denied that Grant ever assigned the claim for the loss to plaintiff or that he was the owner thereof.  It denied that it had any knowledge or information sufficient to form a belief as to the averments of paragraph V, and therefore denied the facts therein set forth.  Thereafter the plaintiff moved the court for judgment on the pleadings, for the reason that the defendant's answer did not state facts sufficient to constitute a defense.  The motion was sustained and judgment entered in favor of plaintiff for the sum of $1,160 and interest.  Defendant appeals.

Appellant contends that the court erred in overruling its demurrer, in denying its motion for a change of venue, and in rendering judgment on the pleadings.  Its argument is that the allegations of ownership of the crop and of the terms of the policy are not sufficiently certain to constitute an enforceable obligation, and that an account stated cannot be predicated upon transactions which do not create legal obligations.

Paragraphs II and III of the complaint are merely recitals of previous transactions upon which the agreement stating the account is based.

An account stated is an agreement between the parties, either [1] express or implied, that all the items are correct.  The action is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract.  The breach of this contract is the cause of action, and the plaintiff must recover upon it or fail in the action.  It is therefore not necessary to prove the items of the alleged account.  (*Noyes* v. *Young*, 32 Mont. 226, 79 Pac. 1063; *Mayger* v. *St. Louis M. & M. Co.*, 68 Mont. 492, 219 Pac. 1102.)  In the case last cited this statement of the law is affirmed, and the opinion proceeds: "Upon its answer, the defendant, in order to

prevail must show that there was not any account stated, or that it has paid the amount alleged to be due."

The present action is not based upon the insurance policy, but upon the account stated. The plaintiff was not required [2] to prove the nature of the debt, nor the items of loss. The averments concerning the insurance policy were not required, and they may and should be treated as introductory matter. Under the complaint the agreement between the plaintiff and the defendant was that defendant should pay the sum agreed upon as the value of the crop destroyed. (*Whittington* v. *Stanton,* 63 Fla. 311, 58 South. 489; Pomeroy's Code Remedies, p. 668, and cases cited.)

Was it error to render judgment on the pleadings in view of [3] the averments of the answer to paragraph V of the complaint? If it could be said that the denial of paragraph V questioned the authority of Barringer to act as the agent and adjuster of the defendant, as expressly alleged, it was evasive and insufficient to tender an issue, for the reason that, whether Barringer was authorized to act for the defendant was a fact within the knowledge of the defendant or its officers, and "when such knowledge is with the defendant, he cannot evade a positive denial by disavowal of knowledge." (*City of Olympia* v. *Turpin,* 70 Wash. 581, 127 Pac. 210.)

While a defendant may not deny agency on information and [4] belief it may so deny that the agent did state an account with the creditor. The adjustment and agreement is specifically alleged, and denied by the answer none the less because the denial of the allegation was preceded by the statement that the defendant did not have sufficient knowledge or information upon which to found a belief. In other words, it was equivalent to saying that, being without knowledge as to whether an account was stated as alleged, we insist upon proof of the fact and therefore deny the allegations thereof. This is the effect of the holding in *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147.

The "Memo of Adjustment," as it is denominated in the
[5] written stated account, is dated at Barber, Montana. It
is silent, however, as to the place of payment, and so are the
pleadings. In this situation the law imports into the writing
and makes a part of it by implication a provision that the
debtor must, in order to perform his obligation, pay or tender
payment to the creditor where the latter may then reside, or
conduct his business, or may be found. (Rev. Codes 1921,
secs. 7434, 7435; *State ex rel. Western Accident & Indemnity
Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613.) The con-
tention that the court should have granted a change of venue
to Cascade county is without merit.

Because the answer raised an issue as to whether there was
an account stated, the court erred in granting judgment on the
pleadings. The judgment is reversed and the cause remanded,
with directions to the district court to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
HOLLOWAY, GALEN and STARK concur.