NORMAN NELSON, Plaintiff and Appellant, v. MONTANA IRON MINING COMPANY, a Corporation, DEWEY F. WHITTAKER; GAIL H. WHITTAKER; and LEMUEL G. WINGARD, Defendants and Respondents.

No. 10262.

Submitted October 11, 1961. Decided May 31, 1962.

371 P.2d 874.

Fred N. Dugan, Billings, for appellant.

Hall, Alexander & Kuenning, Great Falls, Edward C. Alexander, Great Falls (argued orally), for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of nonsuit entered by the District Court of the Tenth Judicial District.

The action was brought on an "account stated" against the defendant corporation and its three directors individually. The latter were joined in an effort to make them personally liable for the corporation's debt for alleged failure to file the statutory annual statement for the years 1958 and 1959.

The corporate defendant and its director, Dewey Whittaker, answered by way of a general denial. The other two directors named in the complaint were not served and did not appear.

The plaintiff was employed as a superintendent for the defendant corporation commencing in 1957. On June 26, 1959, the plaintiff mailed the following statement to the corporation's business address:

"Billings, Montana
"June 26, 1959
"To The Montana Iron Mining Company
"Stanford, Montana
"D. F. Whittaker
"Enclosed is a bill which I have paid for the Company.

| | | | |
|---|---|---|---|
| "1. | Wages Montana Iron owe me | $2,500.00 | Jan. 1 to May 31, 1958 |
| "2. | Wages paid men | $ 966.25 | Advanced money to these men. |
| "3. | Payment on D8 cat | $ 500.00 | |
| "4. | Payment on the truck | $ 463.50 | |
| "5. | Fuel bill | $ 370.47 | |
| "6. | Gravel purchases for shop | $ 12.50 | |
| "7. | Telephone call | $ 159.64 | |
| "8. | Entertainment for Investors | $ 814.00 | |
| "9. | Motel and Hotel Bills | $ 325.00 | |
| "10. | Trip to Red Lodge and Seattle Looking at equipment | $ 225.00 | |
| "11. | Rental on Pickup | $ 175.00 | |

"12. Parts                                    $   366.74
"13. Tools lost by the men of Co.
        My personal tools lost when
        I was in the hospital.        $    30.00
"14. Mr. Ed Hall
        Transporting his patrol and
        removing the motor          $   110.85

"The total which the Montana Iron owes me $16,994.54. I have receipts and cancelled checks for these bill

                              "Norman Nelson
                              "/s/ Norman Nelson
                              "1018 Yale Avenue
                              "Billings, Montana."

The theory of the plaintiff's case is that the failure of the defendant to object to the statement within a reasonable time was implied agreement or assent to the account as stated.

Plaintiff testified that a month or six weeks after mailing the statement he saw the defendant, Dewey Whittaker, and asked, "if he could pay me some on the bill", and got the reply, "He said he didn't have any money". Plaintiff further testified that this was the only communication he had regarding the statement from the time it was mailed until this suit was instituted.

This case is complicated by the errors and omissions of the plaintiff in both the statement of account and in the pleadings. Plaintiff in his complaint prays for recovery of $6,908.10. However the fourteen items in the statement of account rendered to the defendant total up to $7,018.95. The difference is $110.85, which is the exact amount of item 14 in the statement.

The statement concludes by alleging, "The total which the Montana Iron owes me $16,994.54." Plaintiff urges that this figure was not a total of the separately listed items; that it was merely a postscript, which included $10,000.00 that he had invested in the defendant corporation. Subtracting $10,000.00 from $16,994.54 we get still another amount of $6,994.54. The

effect of this latter discrepancy is dependent upon the construction of the instrument and is not directly involved in this appeal.

Basically the question is whether the plaintiff can recover on the theory of an account stated when his complaint is for one amount and the proof establishes that the statement of account is for a different amount.

Since there is very little settled law to be found on this precise issue the answer must be found in reasoning from the general principles of law relating to the theory of an account stated.

This court explained the nature of an account stated in Gordon Campbell Petroleum Company v. Gordon Campbell-Kevin Syndicate, 75 Mont. 261, 268, 242 P. 540, 541, where it was said:

"An account stated is a new contract arising out of an account existing between the parties—an agreement that the items of the account and the balance struck are correct, with an agreement express or implied for the payment of such balance. The consideration for the new contract is the original account (Martin v. Heinze, 31 Mont. 68, 77 P. 427,), or speaking with greater exactness, the consideration is the settlement of the original account (Johnson v. Gallatin Valley Milling Co., 38 Mont. 83, 98 P. 883)."

The latest case involving an account stated was Holmes v. Potts, 132 Mont. 477, 487, 319 P.2d 232, 237, where this court said:

"To state an account is to supplant an old obligation with a new. There must be mutual agreement based on mutual understanding, for without understanding there can be no agreement. * * * There can be no accounting together so long as either party fails to undertake. 'Consent is not mutual, unless the parties all agree upon the same thing in the same sense.' R.C.M.1947, § 13-316. 'There must be the meeting of two separate and independent minds * * *'. Gordon

Campbell Petroleum Co. v. Gordon Campbell-Kevin Syndicate, supra, 75 Mont. at page 269, 242 P. at page 541. 'To establish an account stated there must be a contract between the parties, that is, an express or implied promise by the debtor to the creditor.' 6 Williston, Contracts (Rev.Ed.) § 1862, p. 5227, citing Hough v. Rocky Mountain Fire Ins. Co., 70 Mont. 244, 224 P. 858.

" 'An account stated presupposes an absolute acknowledgment or admission of a certain sum due, or an adjustment of accounts between the parties, the striking of a balance, and an assent, express or implied, to the correctness of the balance. If the acknowledgment or admission is qualified, and not absolute * * * there is no account stated.' 1 Am.Jur., Accounts and Accounting, § 23, p. 277.

" '* * * A partial settlement of the accounts without arriving at any balance is not sufficient to constitute an account stated.' 1 C.J.S. Account Stated, §§ 25 and 26, pp. 704, 705.''

■ It is apparent that the single indispensable ingredient in an account stated is an exact, certain, and definite balance arrived at by the debtor and creditor. This can best be illustrated by the case where there is an ''express agreement'' between the debtor and creditor. In that case the law contemplates that there may be haggling back and forth, but that eventually a balance may be struck which is agreeable to both parties. When the balance is agreed upon there is a new contract into which all prior negotiations are merged. If a balance could not be agreed upon there would not be an account stated, and any cause of action would have to be brought on the original accounts.

Here we have a case where there was not an express agreement on a balance, but rather, according to the theory advanced by plaintiff, an implied acceptance through acquiescence to the statement of account mailed to defendants. This, however, does not change the very basic requirement that a balance must be struck. Under the theory of implied acceptance, there

must be an exact, certain and definite balance on which the minds of the parties impliedly meet.

We then come back to the question with which we started, i. e., can plaintiff recover on the theory of an account stated when his complaint is for $6,908.10 and the statement of account sent to defendant totals $7,018.95.

■ In applying the general rules to the facts presented we conclude that plaintiff cannot succeed in this action. Plaintiff has alleged in his complaint that the defendant corporation agreed to pay him $6,908.10. The only proof of the meeting of the minds of the parties on any balance was a statement of account totaling $7,018.95. This is not a variance, but a failure of proof. Plaintiff failed completely to prove any contract to pay him an agreed balance of $6,908.10.

We do not ground our decision on strict and technical rules of pleading. It is based on the fundamental nature of the theory of an account stated. In order to establish a cause of action for an account stated, plaintiff must allege and prove a meeting of the minds on a balance due and owing. Plaintiff has not done so.

An account stated is governed by many seemingly rigid rules. This is so because application of the doctrine may produce harsh results, particularly where the debtor does not expressly agree to the new balance. The debtor can no longer open the account and attack the specific items. He can not go behind the new balance. In light of this it does not seem overly technical to require the creditor to allege and prove the new balance with more than an approximation.

Although there is very little settled law on the question raised in this case, we find support for our position in the case of Barker Auto Co. v. Bennett, 219 Mass. 304, 106 N.E. 990. In that case the Massachusetts court determined that the plaintiff could not recover on an account stated because ''The evidence as to the account stated did not support the declaration.

It was for an amount different from that pleaded and different from the verdict.''

██ Plaintiff urges that he can and did waive a certain amount and that this explains the difference between the pleading and the proof. As a general proposition we agree that plaintiff can waive amounts owing to him; but what he can not do is unilaterally change the balance which he alleges defendants impliedly accepted. His attempt to do this stripped the action of its character as on an account stated and reduced it to a suit on the original accounts. Plaintiff's evidence was totally insufficient to make out a case on the latter ground.

Plaintiff cites as error the refusal of the trial court to allow him to introduce evidence that the figure $16,994.54 included $10,000.00 invested by him in the defendant corporation. However, this evidentiary question is not material to this appeal since we have determined the nonsuit was properly entered .on other grounds.

Plaintiff's remaining contention is that per diem and mileage costs should not have been allowed the defendants for the two directors of the defendant corporation who were named in the complaint, but who were not served and did not make an appearance. The two directors attended the trial but did not testify. According to the counter-affidavit by the defendants the two directors came to the trial to give testimony, but did not do so because the plaintiff was nonsuited at the close of his case.

Plaintiff contends that the two directors were parties and as such were not entitled to mileage and per diem under the provisions of section 93-8618, R C.M.1947.

██ This court has interpreted section 93-8618, R.C.M. 1947, as being exclusive; and only such items expressly provided for can be recovered as costs. Montana Ore Purchasing Co. v. Boston & Montana Consol. Copper & Silver Min. Co., 33 Mont. 400, 84 P. 706.

We do not disagree with plaintiff's conclusion that the above

section does not cover the costs of a party, but we do disagree with his conclusion that the two directors were parties to this suit.

■ A general statement of the law in this state regarding who is a party to a suit is found in Mitchell v. Banking Corp. of Montana, 81 Mont. 459, 466, 264 P. 127, wherein this court stated:

"Those persons, firms, and corporations named in the complaint as defendants, but on whom no service was obtained, were not, in fact, parties to the action, and therefore could not be adverse parties to the appeal. *Parties to an action are those who are named as such in the record and who are properly served with process or who enter their appearance in the action."* Emphasis added.

Since the two directors were neither served nor made an appearance, they were not parties to the suit. Plaintiff's motion to retax the costs was therefore properly denied.

For the foregoing reasons the judgment of nonsuit entered by the District Court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DOYLE and JOHN C. HARRISON concur.

MR. JUSTICE ADAIR:

I dissent to the foregoing opinion and reserve the right to later file a dissenting opinion.