CALIFORNIA FRUIT CANNERS' ASS'N v. LILLY.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,863.

1. WITNESSES (§ 275*)—CROSS-EXAMINATION—SCOPE—EXTENSION—DISCRETION.
The trial court in the exercise of discretion may relax the rule that a witness may not be cross-examined except with reference to the matters elicited on his direct examination in the case of the cross-examination of a party to the action.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 926, 967–975; Dec. Dig. § 275.*]

2. WITNESSES (§ 275*)—CROSS-EXAMINATION—PARTIES.
Plaintiff sued on an account stated for canned goods alleged to have been sold to defendant, and offered its vice president and treasurer as a witness. He testified that he sent a statement offered to prove the account stated to defendant, and received from defendant a letter claimed to amount to an acceptance of the account. *Held*, that such witness being the active agent of the plaintiff in the transactions with defendant was to all intents and purposes the plaintiff in the case, and that the court in the exercise of discretion, therefore properly permitted defendant on the witness' cross-examination to show that in fact a part of the goods for which charges were made in the account stated had never been delivered nor so segregated as to pass title to defendant.
    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 275.*]

3. APPEAL AND ERROR (§ 1048*)—REVIEW—PREJUDICE.
Plaintiff was not prejudiced by the court's permitting defendant to prove on the cross-examination of plaintiff's vice president certain facts prejudicial to plaintiff's case not within the scope of the witness' direct examination, where defendant might have called the witness in his own behalf and elicited the same testimony in his defense.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4145; Dec. Dig. § 1048.*]

4. APPEAL AND ERROR (§ 1039*)—HARMLESS ERROR—JOINDER OF ACTIONS—REVIEW.
Plaintiff was not prejudiced by an order requiring it to elect whether it would proceed on a cause of action alleged on an account stated or on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a count for an unpaid balance for goods sold and delivered, where the evidence introduced was fatal to a recovery on both counts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4084; Dec. Dig. § 1039.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action by the California Fruit Canners' Association against C. H. Lilly, doing business as C. H. Lilly & Co. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action against the defendant in error upon a stated account, and in its original complaint alleged in addition to that cause of action a count for an unpaid balance for goods, wares, and merchandise sold and delivered under contracts upon which a balance was alleged to be due in the same amount as stated in the first count. On motion of the defendant the court required the plaintiff to elect upon which cause of action it would stand, whereupon it filed an amended complaint alleging an account stated. The defendant answered, denying the account stated, and denying an indebtedness or a promise to pay, and set up as an affirmative defense that he had been induced by the fraud of the plaintiff to agree to pay for certain goods which the plaintiff represented it had stored in warehouse subject to defendant's order, and the further defense that the defendant had been induced by the fraud of the plaintiff to agree to pay for certain goods which the latter had represented he had stored in warehouse subject to defendant's order; that the plaintiff had confessed that the goods were not of the grade or quality represented to the defendant, and had agreed to remedy the defect, and reimburse the defendant for damages thereby caused, and that defendant, before discovery that the goods were not of the quality represented, had received and paid for a large quantity thereof, and had sold and distributed the same to his customers, representing them to be of the grade and quality as represented by the plaintiff, which goods had been repudiated by the defendant's customers and in many instances returned to him. And the defendant alleged that he had been damaged and demanded judgment against the plaintiff. The plaintiff's reply put in issue the affirmative matter of the answer. After issue was joined, and before the trial, the deposition of S L. Goldstein was taken in support of the allegations of the amended complaint. He produced a copy of the account which he testified was sent by the plaintiff to the defendant on April 29, 1908. The paper was labeled "statement," and it contained charges for merchandise, storage, and interest running from November 1, 1907, to April 29, 1908, and aggregating $19,185.87. The witness produced and gave in evidence the letter of the defendant of date May 7, 1908, stating: "We have your favor of April 29, and in reply beg to say we will endeavor to send you a substantial remittance on this account during the ensuing month. We are badly overloaded on canned goods, as you doubtless know, and have been endeavoring to make some terms on the goods which you are holding in the warehouse for us, but without success to date." On cross-examination, the witness was asked to explain the item of the account, "Mdse W. H. ac.," and he answered that it was "warehouse account." Thereupon, over the objection of the plaintiff that the testimony was not proper cross-examination, the defendant was permitted to show by the witness that the goods mentioned in the statement of account belonged to the plaintiff, "and are stored in the warehouse until payments are made by Lilly & Co."; that the goods were charged to Lilly & Co., and were not their property until they were paid for; that they were stored in one or more of the plaintiff's 13 warehouses in California; that he did not know in which particular warehouse they were stored; that when goods are billed to a customer they are reserved and stored at one or more of the plaintiff's warehouses; that the plaintiff's goods are stacked in large stacks in the warehouses, a good many thousand cans, and as orders come in for shipment they are labeled, cased,

and shipped, and in the meantime they are in stacks; that the goods referred to in the statement were never segregated or stored separately and distinctly from other goods, were the property of the plaintiff, and were stored in stacks with other goods. At the trial the depositions and the exhibits were offered in evidence, and the cross-examination of Goldstein was received in evidence over the objection of the plaintiff. The plaintiff rested. Thereupon the defendant moved for a nonsuit, which was granted, and a judgment was entered dismissing the action.

Thomas, Gerstle, Frick & Beedy and William H. Gorham, for plaintiff in error.

John H. Allen, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is contended that the admission of the evidence given on the cross-examination of S. L. Goldstein was error for which the judgment should be reversed. The plaintiff had sued upon a stated account, and had alleged that the defendant was indebted to it in the sum of $19,185.87. The defendant, in addition to other defenses, denied the indebtedness, and denied that an account had been stated. Goldstein was called to testify for the plaintiff. He testified that he had sent the statement of the account to the defendant, and that he had received the defendant's letter in response, and both the statement and the letter were offered in evidence. On the cross-examination he testified that the goods which are mentioned in the statement had never in fact been sold to the defendant, that they had never been segregated from the mass of other similar goods owned by the plaintiff, and that they remained the plaintiff's property. The letter which the defendant had sent on receipt of the statement and which is claimed to have constituted an assent thereto, referred to the goods "which you are holding in the warehouse for us." In an instrument which was made an exhibit to the complaint, it would appear that the dealings between the parties were had upon an understanding that the plaintiff was to hold as bailee for hire, and to insure at defendant's expense all goods ordered by the defendant. The letter of the defendant shows that the defendant so understood the transactions between the parties, and the items of warehouse charges contained in the statement conduced to that understanding. Now, the cross-examination of Goldstein shows that such was not the fact, that it was not true that the plaintiff was a bailee, that there was no actual or constructive delivery of the goods, and that there could be no legitimate warehouse or insurance charges against the defendant, nor charges for goods sold and delivered. It is true that in the courts of the United States the party on whose behalf a witness is called has the right to restrict his cross-examination to the subjects of his direct examination. Various reasons have been assigned for the rule. One is that the party by whom the witness is called stands sponsor for the truth of the testimony which he elicits on the direct examination, and that the adverse party has no right to bind him by testimony brought out on cross-examination as to other matters. Another is that the rule conserves the purpose and end of cross-examination. Another is that otherwise the

party calling the witness would lose the benefit of cross-examination on the evidence adduced to support his opponent's case. Another is that the cross-examiner ought not to be allowed to employ leading questions as to matters brought out in support of his own cause. Another is that the rule tends to promote the orderly and methodical trial of a cause. It may be doubted whether there is any substantial merit in any of these reasons unless it be in the last, and as that reason relates only to form and method, it would seem that a rule based thereon ought to yield to the sound discretion of the trial court. But whatever may be said of the reasons on which the rule is ordinarily upheld, there is no substantial reason why, in the exercise of sound discretion, the court may not relax the rule in the case of the cross-examination of a party to the action. Here was a witness who was the vice president and treasurer of the plaintiff, and its active agent in its transactions with the defendant. To all intents and purposes he was the plaintiff. He was introduced as a witness to testify as to his own acts. He was sworn to testify to the whole truth. He produced in evidence the statement of account which he had sent to the defendant, together with the answer of the defendant thereto, which, on its face, was an assent to the statement and an acknowledgment of the debt. He testified that no payment had been made on the account or on the items of storage therein specified. In presenting those papers he vouched for their truth, and he thereby asserted that the goods had been sold and delivered as represented in the statement. He was examined in such a way as to have him avoid testifying to the important facts which went to the merit of the controversy, facts which were peculiarly within his own knowledge. In such a case, why should the defendant be required to make the plaintiff a witness for the defense, and be compelled to give credit to the plaintiff's testimony as to the very existence of his own cause of action? Callison v. Smith, 20 Kan. 37; Norris v. Cargill, 57 Wis. 251, 15 N. W. 148; Rea v. Missouri, 17 Wall. 532, 542, 21 L. Ed. 707. Said Mr. Justice Bradley in the case last cited: "But a greater latitude is undoubtedly allowable in the cross-examination of a party who places himself on the stand than in that of other witnesses. Still, where the cross-examination is directed to matters not inquired about in the principal examination, its course and extent is very largely subject to the control of the court in the exercise of a sound discretion, and the exercise of that discretion is not reviewable on a writ of error."

But even if the witness Goldstein is not to be deemed, technically speaking, the actual plaintiff in the action, it is clear that the admission of his testimony on the cross-examination was not error for which the judgment should be reversed, for the plaintiff was not injured thereby. The defendant could have called the witness in his own behalf and could have elicited the same testimony in his defense. Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265. In Wills v. Russell, 100 U. S. 621, 25 L. Ed. 607, it was held that where it appears that no injury has resulted to the plaintiff in error, a judgment will not be reversed merely because the court at the trial permitted a witness on

his cross-examination to be interrogated as to matters pertinent to the issue, but about which he had not testified in chief.

We need not enter into the discussion of the question whether the court erred in requiring the plaintiff to elect between his two causes of actions. The joinder of such counts has been permitted in New York. Johnson v. Tyng, 1 App. Div. 610, 37 N. Y. Supp. 516. But there was no reversible error in the ruling of the court in the present case, for the evidence which was adduced on the cross-examination of the plaintiff's witness would have been fatal to recovery upon either of the counts pleaded in the original complaint.

The judgment is affirmed.